HARRY MOHNEY *v.* STATE OF INDIANA.

[No. 471S94. Filed November 19, 1971. Rehearing denied January 20, 1972.]

*John W. Piggott,* of Bay Ciy, Michigan, *Franklin Miroff, James Manahan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—Appellant was charged by affidavit with the sending of obscene materials into the State of Indiana. Appellant filed a Motion to Quash which was overruled. Appellant stood mute upon arraignment, so a plea of not guilty was entered in his behalf. Trial was held before the court and the appellant was found guilty and sentenced as follows:

> "Finding of Guilty, Court finds Defendant's age to be 26 years. Defendant fined $20.00 and sentenced to Jail for Twenty [20] days. Appeal Bond set at $1,000.00."

Thereafter appellant filed his Motion to Correct Errors.

The record reveals that the appellant was charged after a member of the Indianapolis vice squad entered "The Adult Book Store" and purchased a copy of a New York based newspaper entitled "Screw". According to the testimony of a former employee of the appellant, the newspaper was brought to the store by the appellant from the State of Michigan. This

case arose out of the same incident as revealed in *Stroud* v. *State* (1971), 257 Ind. 204, 273 N. E. 2d 842.

Appellant sets forth four propositions of alleged error, which in substance presents three issues for our consideration. They are as follows:

(1) Whether *Burns Ind. Stat. Ann.*, sec. 10-2803a, *infra*, which, inter alia, provides that it is a criminal offense to knowingly send into Indiana any obscene literature, is unconstitutional on its face.

(2) Whether *Burns Ind. Ann. Stat.*, sec. 10-2803a, *infra*, is unconstitutional as applied to the facts of this case.

(3) Whether the evidence presented was sufficient to support the finding of appellant's guilt beyond a reasonable doubt.

These are the same issues presented to this court in *Stroud* v. *State, supra,* which, even though appellant herein was convicted under a different statute, is controlling and decisive of the issues presented here for the following reasons. First, in the *Stroud* case the appellant urged that the words obscene, lewd, indecent and lascivious, failed to convey an adequate description of the evil intended to be prohibited by the statute under which *Stroud* was convicted. It is these same words upon which appellant bases his urging that the statute, set forth below, under which he was convicted, is unconstitutional because it fails to convey an adequate warning of the conduct proscribed by the statute. The statute provides as follows:

> "10-2803a. *Obscene literature—Sending into state by person not citizen of state—Extradition—Penalty.—Any person, whether or not he is a citizen of this state, who knowingly sends or causes to be sent into this state, any obscene, lewd, indecent, or lascivious literature, book, magazine, paper, drawing, picture, lithograph, engraving, photograph, steroscopic picture, model, cast, instrument, or article of indecent or immoral use shall be subject to the penalties of this act (sec. 10-2803), and the executive authority of this state shall demand extradition of such person from the executive authority of the state in which such person may be found. (Acts 1961, ch. 40, sec. 2, p. 70)*

Second, the question of obscenity presented in the instant case concerns the same issue of the newspaper "Screw" in question in the *Stroud* case.

Based on our decision in *Stroud* v. *State, supra:*

(1) The words "obscene," "lewd," "indecent" and "lascivious," do adequately convey a description of the evil intended to be prohibited by *Burns Ind. Stat. Ann.* sec. 10-2803a.

(2) Having determined that *Burns Ind. Stat. Ann.* sec. 10-2803a, is constitutional, the question raised by appellant's contention that the statute is unconstitutional as applied is moot.

(3) The evidence is sufficient to sustain the appellant's conviction and trial court's finding that, (a) the dominant theme of the newspaper "Screw", sent into Indiana, by appellant, taken as a whole appeals to the prurient interest in sex, assessing such in terms of the sexual interest of the intended and probable recipient group of the material; (b) the newspaper "Screw", sent into Indiana by appellant, is patently offensive because it affronts contemporary national standards relating to the description and reproduction of sexual matters; (c) the newspaper "Screw", sent into Indiana by the appellant, is utterly without redeeming social value. Therefore, the newspaper "Screw" is obscene as held by the trial court.

Judgment of the trial court is affirmed.

Prentice, Givan, JJ., concur, Hunter, J., concurs in result; DeBruler, J., dissents with statement.

## DISSENTING STATEMENT

DEBRULER, J.—I dissent. This case involves exactly the same issue of "Screw" magazine that was before this Court in *Stroud* v. *State* (1971), 257 Ind. 204, 273 N. E. 2d 842. The conviction here is under a different statute than the one in *Stroud,* for here the offense is knowingly sending "any obscene, lewd, indecent or lascivious" into the State. However,

the operative words of the statute, quoted in the foregoing sentence, are the same words as those challenged in the *Stroud* case. Therefore, I dissent on the basis of my dissent in *Stroud*.

NOTE.—Reported in 276 N. E. 2d 517.