### HARRY MOHNEY *v.* STATE OF INDIANA.

[No. 471S94. Filed August 21, 1973. Rehearing denied Septmeber 26, 1973.]

*John W. Piggott*, Bay City, Michigan, *Franklin Miroff* and *James Manahan*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *William D. Bucher*, Deputy Attorney General, for appellee.

ARTERBURN, C.J.—This Court affirmed [*Mohney* v. *State* (1971), 257 Ind. 394, 276 N. E. 2d 517] the conviction in the above case on a charge of "sending obscene literature into state" based upon IC 1971, 35-30-10-3 [Burns Ind. Ann. Stat. § 10-2803a (1956 Repl.)], entitled "Obscene literature and devices — Circulation, possession, manufacture.", and thereafter the appellant-defendant applied for certiorari in the United States Supreme Court and that Court on the 25th day of June, 1973, having granted certiorari, vacated our judgment affirming the conviction and remanded the cause to this court "for further consideration in light of *Miller* v. *California*, (1973) 413 U.S. 15; *Paris Adult Theatre I* v. *Slaton* (1973), 413 U.S. 49; *Kaplan* v. *California* (1973), 413 U.S. 115; *U.S.* v. *12 200-ft. Reels of Super 8mm Film* (1973),

413 U.S. 123; *U.S.* v. *Orito* (1973), 413 U.S. 139; *Heller* v. *N. Y.* (1973), 413 U.S. 483; *Roaden* v. *Ky.* (1973), 413 U.S. 496; and *Alexander* v. *Virginia* (1973), 413 U.S. 836."

The main thrust of those opinions, so far as applicable to this case, is that the statute under which the appellant was convicted is unconstitutional for the reason that it is too general in nature and does not set out specifically the sexual or obscene acts which, when depicted in any of the media named by the statute, constitute a violation of the statute.

Pursuant to the order and direction of the United States Supreme Court we hold the statute involved in this case as unconstitutional on the grounds announced by that Court.

Therefore, pursuant to the Order of the United States Supreme Court, the judgment and conviction of appellant-defendant is reversed and remanded to the trial court, and pursuant to the order of the United States Supreme Court, the trial court is directed to discharge the defendant.

All Justices concur.

NOTE.—Reported in 300 N. E. 2d 678.