WILLIAM THOMAS *v.* STATE OF INDIANA.

[No. 472A170. Filed November 15, 1973. Rehearing denied December 7, 1973.]

*Franklin I. Miroff, Klineman, Rose and Wolf,* of Indianapolis, *James Manahan, Dewitt, Richards & Manahan* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—William Thomas (Thomas) appeals from his conviction of Offering to Sell Obscene Literature pursuant to IC 1971, 35-30-10-1, Ind. Ann. Stat. § 10-2803 (Burns 1956 Repl.) (the Statute).

We reverse.

## FACTS

On June 23, 1970, a police officer purchased a magazine titled "Duo" from the Trans Media Bookstore in Indianapolis, Indiana, and three days later Thomas as manager of the store was charged by affidavit with violation of the Statute, i.e., Offering to Sell Obscene Literature.

After a Motion to Quash Affidavit was overruled Thomas was tried on December 6, 1971 before a jury and found guilty as charged, and on December 10, 1971, the court entered judgment which fined Thomas $1,000.00 and costs.

This appeal followed the subsequent overruling of a Motion To Correct Errors.

## ISSUE

Because this conviction must be reversed we need not consider numerous other issues raised by Thomas, confining ourselves to this question:

Is the Statute constitutional?

## DECISION

CONCLUSION—It is our opinion that the Statute is unconstitutional and the conviction must be reversed.

Since Thomas was tried and this appeal perfected the United States Supreme Court decided: *Miller* v. *California* (1973), 413 U.S. 15; *Paris Adult Theatre I* v. *Slaton* (1973), 413 U.S. 49; *Kaplan* v. *California* (1973), 413 U.S. 115; *U.S.* v. *12 200-ft. Reels of Super 8mm Film* (1973), 413 U.S. 123; *U.S.* v. *Orito* (1973), 413 U.S. 139; *Heller* v. *N.Y.* (1973), 413 U.S. 483; *Roaden* v. *Ky.* (1973), 413 U.S. 496; *Alexander* v. *Virginia* (1973), 413 U.S. 836.

Chief Justice Arterburn speaking for a unanimous Indiana Supreme Court thereafter interpreted the thrust of these decisions to be that the Statute, (entitled "Obscene literature and devices or instrument or article for procuring abortion—Circulation, possession, manufacture") is "unconstitutional for the reason that it is too general in nature and does not set out specifically the sexual or obscene acts which, when depicted in any of the media named by the statute, constitute a violation of the statute." *Stroud* v. *State* (1973), 261 Ind. 58, 300 N.E.2d 100.[1]

The subject of obscenity awaits the wisdom of the Legislature.

The Statute having been declared unconstitutional the conviction of Thomas is reversed.

---

1. To the same effect, *Mohney* v. *State* (1973), 261 Ind. 56, 300 N.E. 2d 66, and *Mohney and Geraghty* v. *State* (1973), 157 Ind. App. 622, 300 N.E.2d 678.

White and Sullivan, JJ., concur.

NOTE.—Reported at 303 N.E.2d 293.