HARRY VIRGIL MOHNEY *v.* STATE OF INDIANA.

[No. 3-674A106. Filed November 7, 1974.]

*Gilbert H. Deitch, Esq.,* Atlanta, Georgia, *Abe Latker, Esq.,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

GARRARD, J.—Defendant was convicted under four counts of the sale of obscene materials in violation of IC 1971, 35-30-10-1, Ind. Ann. Stat. § 10-2803 (Burns 1956 Repl.).

Following the grant of certiorari in *Stroud* v. *Indiana* (1973), 413 U.S. 911, 93 S.Ct. 3038, 37 L.Ed.2d 1025, our Supreme Court declared this statute unconstitutional. *Mohney* v. *State* (1973), 261 Ind. 56, 300 N.E.2d 66; *Stroud* v. *State* (1973), 261 Ind. 58, 300 N.E.2d 100.

The state, however, argues that those cases involved the sale of obscene materials, while the case before us should be considered as a conviction of offering for sale. This assertion is simply not supported by the record. However, even if it were, it would be of no consequence.

The factor in *Miller* v. *California* (1973), 413 U.S. 15, 97 S.Ct. 2607, 37 L.Ed.2d 419, expressly adopted by our Supreme Court in *Mohney* and *Stroud* determining the unconstitutionality of the act in question is its failure to be sufficiently specific in defining the sexual or obscene acts which would constitute a violation of the statute. The defect is of no less significance in offering to sell than in an actual sale.

Judgment reversed with instructions to discharge the defendant.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 318 N.E.2d 372.