Barbara KINNEY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3-979A249.

Court of Appeals of Indiana,
Third District.

May 14, 1980.

Frank J. Gray, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

The defendant, Barbara Kinney, was convicted of harassment, a class B misdemeanor, fined $100 and costs and sentenced to 90 days in jail.

The complaining witness testified that she received numerous telephone calls at her home and place of business during which the defendant accused her of promiscuous sexual behavior. Additional calls were received in which no conversation ensued. This evidence was supported by testimony from a representative of the telephone company who stated that a total of 126 calls had been made from the defendant's telephone to the complaining witness's home and business within a ten-day period. No personal or business transactions occurred during these telephone calls to indicate any purpose other than harassment.

On appeal, the defendant contends that IC 1971, 35–45–2–2 (Burns 1979 Repl.) is unconstitutionally vague. The statute reads as follows:

"Harassment.—(a) A person who, with intent to harass, annoy, or alarm another person but with no intent of legitimate communication: (1) Makes a telephone call, whether or not a conversation ensues; (2) Communicates with a person anonymously or otherwise, by telegraph, mail, or other form of written communication; or (3) Transmits a false or obscene message, or indecent or profane words, on a Citizens Radio Service channel; commits harassment, a class B misdemeanor. . . ."

The defendant states that the words "harass, annoy, alarm and legitimate" are not defined in the statute. The resulting uncertainty and confusion as to which acts may violate the statute allegedly infringe upon the defendant's rights under Art. 1, § 13 of the Constitution of Indiana.

■ In Indiana, the test for determining if a statute is unconstitutionally vague was set forth in *Hunter v. State* (1977), Ind. App., 360 N.E.2d 588, at 594:

" 'A statute will not be found unconstitutionally vague if individuals of ordinary intelligence would comprehend it to adequately inform them of the conduct to be proscribed.' " [Citations omitted]

*See also: Rogers v. State* (1978), 267 Ind. 654, 373 N.E.2d 125. If the language of a statute is sufficiently definite to inform an average man of the conduct which is prohibited, then the statute is valid. Total clarity of purpose is an important goal, but absolute precision is not a constitutional requirement. *State v. Bigbee* (1973), 260 Ind. 90, 292 N.E.2d 609.

■■ A strong presumption of constitutionality is present when construing a statute. A heavy burden rests on the challenger to show the constitutional defect. *Hunter v. State, supra.* A penal statute, however, must be narrowly construed to avoid unjustly punishing the innocent. This narrow construction rule must be balanced against the presumption of constitutionality. *State v. Bigbee, supra.*

Language similar to that found in the harassment statute has been held sufficiently definite when used in other statutes. In *People v. Harvey* (1954), 307 N.Y. 588, 123 N.E.2d 81, the court sustained a conviction for disorderly conduct and ruled that the words "offensive, disorderly, annoying and interfering" were not dependent on each complainant's sensitivity and individual reaction. The standard to be used is that of a reasonable man and, using that standard, the statute and the relevant words have an ascertainable meaning.

Statutes which have been ruled unconstitutionally vague have been so broad that a determination could not be made as to what conduct violated the statute.

"To construe the statute as literally intended . . . would result in punishing as a crime many acts or omissions so trivial in themselves that it cannot be rationally concluded that it was intended that they should be made criminal. There is nothing in the act to indicate where the line is to be drawn between

trivial and substantial things. It must be left to the judgment of each trial judge who is required to pass upon the sufficiency of affidavits or indictments. Such a statute is clearly bad for uncertainty." *Stone v. State* (1942), 220 Ind. 165, at 175, 41 N.E.2d 609, at 613.

*See also: Mohney v. State* (1974), 162 Ind. App. 155, 318 N.E.2d 372.

■ The harassment statute which is being challenged in this case forbids a specific act, a telephone call, when it is accompanied by a specific intent, "to harass, annoy, or alarm another person but with no intent of legitimate communication." This specific intent prevents the statute from being unconstitutionally vague. As the United States Supreme Court has stated,

". . . An evil motive to accomplish that which the statute condemns becomes a constituent element of the crime. . . [Citations omitted]

    *    *    *    *    *    *

". . . The Court, indeed, has recognized that the requirement of a specific intent to do a prohibited act may avoid those consequences to the accused which may otherwise render a vague or indefinite statute invalid. The constitutional vice in such a statute is the essential injustice to the accused of placing him on trial for an offense, the nature of which the statute does not define and hence of which it gives no warning. . . . But where the punishment imposed is only for an act knowingly done with the purpose of doing that which the statute prohibits, the accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law." [Citations omitted] *Screws v. United States* (1945) 325 U.S. 91, at 101–102, 65 S.Ct. 1031, 1035–1036, 89 L.Ed. 1495.

The specific intent requirement precludes the application of this statute to constitutionally protected legitimate communications. The potential offender receives the necessary specificity of warning by the language of the statute. *United States v. National Dairy Corp.* (1963) 372 U.S. 29, at 35, 83 S.Ct. 594, at 599, 9 L.Ed.2d 561.

A related federal statute, which forbids harassing interstate telephone calls, is found at 47 U.S.C. § 223. The constitutionality of that statute was challenged in the case of *United States v. Lampley* (3rd Cir., 1978) 573 F.2d 783, at 787, in which the court ruled,

"The appellant cannot claim confusion about the conduct proscribed where, as here, the statute precisely specifies that the actor must intend to perform acts of harassment in order to be culpable."

The record in this case contains testimony tending to show that the defendant committed the act and formulated the necessary intent to harass. Therefore, this statute, construed in light of the circumstances of this case, is constitutionally permissible.

The defendant also contends that the court misunderstood certain evidence presented at the trial. Mr. Haunfelder, a telephone company employee, stated that a dial number recorder was installed on the defendant's telephone. When testifying, he made an error in the last two digits and stated that the defendant's number was 456–5733. State's Exhibits Nos. 1 and 2 consist of the actual rolls of tape which were taken from the dial number recorder. These tapes show the correct number to be 456–5723. During defense counsel's closing argument, the error in Mr. Haunfelder's testimony was brought to the court's attention and the trial court indicated that it correctly understood the defendant's number to be 456–5723. Therefore, the error in the telephone employee's testimony, although serious, is not fatal to the State's case.

■ The defendant next disputes the trial court's finding that no intent of legitimate communication existed. This factual determination will be disturbed only upon a showing that no substantial evidence of probative value exists from which the trier of fact could reasonably infer the defendant was guilty beyond a reasonable doubt. *Inman v. State* (1979), Ind., 393 N.E.2d 767. Evidence was presented to establish that the defendant made the phone calls which annoyed and harassed the complaining wit-

ness and no personal or business transactions occurred during these phone calls. From these facts, the trial court could reasonably conclude that no intent of legitimate communication existed. This conclusion could be reasonably inferred from the facts presented. In reviewing evidence, the Court must draw all reasonable inferences favorable to the government. *United States v. Stone* (7th Cir., 1968), 401 F.2d 32.

The judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.