James HAMILTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 783S256.

Supreme Court of Indiana.

Sept. 19, 1984.

John B. Wilson, Jr., Bean Blossom, for appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Murder. He was sentenced to forty (40) years of imprisonment. The sole assignment of error is that the evidence is insufficient to support the verdict of the jury.

The facts are these. On September 19, 1982, Brenda Mills, Raymond Figley, Ricky Owens and the children of Brenda Mills were in the home of Cathy Heady, who lived with the appellant, James Hamilton. While these persons were visiting with Heady, appellant arrived home. The adults were playing cards in the kitchen and were drinking beer. An argument erupted between Heady and the appellant, during which the appellant threatened to kill Heady with a pipe he had "out back" for that purpose.

All parties left the kitchen and went to the living room with the exception of the appellant who remained in the kitchen. He requested that Heady carry a cooler of beer to his truck. She was assisted in doing this by Mills. Up to this time there had been no quarrel at all between Owens and the appellant. After the beer had been taken to the truck, and while appellant was still in the kitchen, Owens left the living room and started toward the back of the house where the bathroom and the kitchen were located. All other parties were in the living room.

Shortly after Owens moved toward the back of the house, those in the living room heard a shot. Owens entered the living room holding his side and said, "Oh my God, he shot me," and fell to the floor. Appellant was following him, brandishing a shotgun, and said, "That's right, I blowed your guts out. What I want to know is who's next." With that he pointed the shotgun at each person in the living room, including the children. When nobody spoke or moved, he left the room and left the premises in his truck.

The appellant gave a different version of the shooting. He stated Owens came into the kitchen, threatened him, and was acting in such a crazy manner that he was fearful for his life. Appellant claims he pointed the shotgun at Owens, begged him not to come further, but when Owens did not desist, the shotgun "went off." Appellant claims that when he followed Owens into the living room, he said, "My God, he's dead. I guess I'm next." It was for the jury to determine the truthfulness of the witnesses. This Court will not interfere with their determination. *Hovis v. State*, (1983) Ind., 455 N.E.2d 577.

The evidence in this case is sufficient to support the verdict of the jury.

The trial court is in all things affirmed.

All Justices concur.