**Juan Jesus TOLEDANO, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1084S390.**

Supreme Court of Indiana.

Oct. 24, 1986.

Daniel L. Bella, Appellate Public Defender's Office, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Juan Jesus Toledano, was convicted by a Lake Superior Court jury of attempted murder, a class A felony. The trial court sentenced him to a thirty (30) year term. In this direct appeal, Appellant raises sufficiency of the evidence supporting his conviction as the only issue for our review.

On October 2, 1983, Hugo and George Bravo attended a wedding in Gary, Indiana. After the wedding, the two brothers stopped at Issy's, a local bar, for about five minutes. The two left and walked to their parents' house to pick up their father's car, which Hugo drove back to Issy's and parked in the lot next to the bar. George was in the back seat asleep. Hugo got out of the car and asked a young lady, Lisa Soto, to watch his brother while he went into the bar. Hugo started to walk around the back of the car when he saw Ms. Soto turn and flee. Hugo then heard a gunshot but did not know where it came from. As he turned around, he was shot in the stomach and fell to the ground. He was shot four (4) more times as he lay on the ground. He managed to crawl to the car where his brother dragged him inside, and rushed him to the hospital.

At trial, Hugo testified that after he was hit by the first shot, he saw Appellant with a gun in his hand. Hugo was positive Appellant shot him. George testified he heard the first gunshot, looked up, saw a red car, ducked back down until the shooting was over, and looked up again to see Appellant driving off in the red car. George stated that Appellant was the only

person in the car. Lisa Soto, called by the defense, contradicted her previous statements and testified that she saw Appellant shoot Hugo.

Appellant argues that the witnesses' testimony is conflicting and entirely improbable, and therefore insufficient to sustain his conviction. When sufficiency is raised on appeal, however, this Court will neither weigh the evidence nor judge the credibility of the witnesses. We examine only the direct and circumstantial evidence most favorable to the State, and if there is substantial evidence of probative value to support the jury's conclusion that the defendant is guilty beyond a reasonable doubt, we will affirm the conviction. *Rhone v. State* (1986), Ind., 492 N.E.2d 1063, 1066; *Hunter v. State* (1986), Ind., 492 N.E.2d 1067, 1071.

The evidence in this case indicates that the victim, Hugo Bravo, was able to identify Appellant as he was being shot. This, standing alone, is sufficient to sustain the conviction. *Jones v. State* (1983), Ind., 445 N.E.2d 98, 100; *Brown v. State* (1982), Ind., 435 N.E.2d 7, 10. George Bravo's testimony places Appellant fleeing the scene. Lisa Soto's testimony identified Appellant as the one who shot Hugo. Clearly this is sufficient evidence to support Appellant's conviction. Appellant's contention that Hugo's testimony contradicted his brother's is of no consequence because the jury has the sole authority to weigh any conflicting evidence. *Hamilton v. State* (1984), Ind., 468 N.E.2d 218, 219.

Finding the evidence sufficient to support Appellant's conviction, we affirm the trial court in all respects.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.