Frederick A. **MEREDITH**, Appellant (Defendant below),

v.

**STATE** of Indiana, Appellee (Plaintiff below).

No. 785S306.

Supreme Court of Indiana.

Feb. 9, 1987.

Diane M. McNeal, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Frederick A. Meredith, was convicted by a Lake County jury of attempted murder and robbery. The same jury found Appellant to be a habitual offender. The trial court sentenced Appellant to thirty (30) years for the attempted murder conviction, and ten (10) years for the robbery conviction. This sentence was enhanced by thirty (30) years based on the jury's finding Appellant to be a habitual offender. In this direct appeal, Appellant raises the following issues for our review:

1. whether the evidence was sufficient to sustain Appellant's attempted murder and robbery convictions; and

2. whether the evidence was sufficient to sustain the jury's habitual offender finding.

The facts relevant to the issues presented for our review are as follows. In the early morning hours of July 1, 1984, Darwin Johnson, a resident of Gary, Indiana, was walking home from his mother's house. Johnson stopped at an outside pay phone at the corner of 18th and Connecticut in an attempt to call someone for a ride home. Jerry Spires was using the pay phone so Johnson waited against a nearby tree. While he was standing there, he saw a woman come up on his right side and heard someone approaching on the other side. As Johnson turned to see who was approaching, he was shot twice in the side, underneath his arm.

Johnson fell to the ground on his back. A man came up to Johnson and went through his pockets, taking about fifteen ($15) dollars. Johnson was conscious this whole time and recognized the robber as Ricky Meredith, Appellant herein. Johnson knew Appellant because the two had fought on two previous occasions. Johnson later was able to pick Appellant's picture from a photograph array while in the hospital.

Jerry Spires, the man on the pay phone, witnessed the robbery, and heard Appellant's female accomplice say, "Oh Ricky, you done shot him." Appellant and the accomplice then fled. Mr. Spires obtained

help for Johnson, gave a statement to the police, and identified Appellant as the robber at Appellant's trial.

## I

Appellant argues there was insufficient evidence identifying him as the one who shot and robbed Mr. Johnson. He contends that Johnson's testimony conflicts with Mr. Spire's testimony. Thus, Appellant claims the trial court erred in denying his motion for a directed verdict. We disagree.

When sufficiency of the evidence is raised on appeal, this Court will neither weigh the evidence nor judge the credibility of the witnesses. *Toledano v. State* (1986), Ind., 498 N.E.2d 979, 980. We examine only the evidence most favorable to the State, and if there is substantial evidence of probative value to support the jury's conclusion that the defendant is guilty beyond a reasonable doubt, we will affirm the conviction. *Id.*

■ The evidence here indicates that the victim identified Appellant as the one who robbed him. Standing alone, this evidence is sufficient to support Appellant's conviction. *Jones v. State* (1983), Ind., 445 N.E.2d 98, 100; *Brown v. State* (1982), Ind., 435 N.E.2d 7, 10. There was also evidence from Mr. Spires, who witnessed the robbery. He identified Appellant as the robber, and heard Appellant's accomplice state that Appellant shot the victim. This is sufficient evidence to support Appellant's conviction.

■ Appellant's contention that the witnesses' testimony is contradictory is unpersuasive. Johnson testified he was shot as he turned around to see who was on his left side. Spires testified Appellant hit Johnson in the face, knocked him to the ground, and then shot him. Although these versions of the robbery are contradictory, the contradiction does not relate to the issue of identity. The robber's identity was clearly established by uncontradicted testimony. We find there was sufficient evidence that Appellant committed this crime, and the trial court correctly overruled Appellant's motion for a directed verdict. There is no error here.

## II

Appellant next argues the evidence was insufficient to support the jury's habitual offender finding. First, he contends the State failed to prove that he was the same "Frederick Meredith" named in the State's various exhibits. Second, he claims the trial court erroneously admitted State's Exhibits 6, 7, and 10. Both arguments are unpersuasive.

■ The State introduced ten (10) exhibits during Appellant's habitual offender trial. These exhibits were the informations, probable cause affidavits, docket sheets, and sentencing orders for two (2) prior felonies, arson in 1976 and auto banditry in 1978, committed by "Frederick Meredith" or "Frederick A. Meredith." State's Exhibit 9 was the commitment papers, fingerprint sheet, photographs and physical data sheet of "Frederick Meredith." All these documents were properly certified and thus admissible under Indiana Rules of Trial Procedure 44(A)(1). *Earls v. State* (1986), Ind., 489 N.E.2d 516, 518.

■ The State, however, did not introduce any supporting evidence connecting these records to Appellant. Therefore, Appellant claims the State has not met its burden of proving by sufficient evidence that he had two (2) prior felony convictions as required by Ind.Code § 35-50-2-8 (Burns 1985). Appellant cites *Smith v. State* (1962), 243 Ind. 74, 181 N.E.2d 520, *reh. denied* 243 Ind. 83, 181 N.E.2d 525, for the proposition that:

"... the mere introduction into evidence of certified copies of judgments and commitments containing a name which is the same as or similar to that of the defendant, without any supporting evidence to show that the person named in such judgment and commitment papers is the same as the defendant then on trial, is not sufficient to establish the fact that the defendant has previously

twice been convicted for the commission of a felony...."

*Id.* at 79, 181 N.E.2d at 523.

However, in *Seeglitz v. State* (1986), Ind., 500 N.E.2d 144, we held that photographs and fingerprint sheets along with physical characteristics, if documented and attached to commitment records which are properly admitted into evidence, are sufficient evidence to support a habitual offender finding. *Id.* at 149. Further, to the extent that *Smith* conflicted with our opinion in *Seeglitz, Smith* was overruled. *Id.*

In this case, since the State introduced properly authenticated commitment papers of one "Frederick Meredith" which contained both photographs, and a description of his physical characteristics, including weight, height, age, hair and eye color, complexion, and build, the jury's conclusion that Appellant was the same "Frederick Meredith" who had accumulated these two prior felony conviction was justified. *Seeglitz, supra; Bray v. State* (1982), Ind., 443 N.E.2d 310, 316. To hold otherwise would be to reweigh the evidence, which we cannot do.

█ Appellant also contends the trial court erred in admitting State's Exhibits 6, 7, and 10. These exhibits all refer to Appellant's conviction for auto banditry. Appellant was originally charged with robbery and auto banditry. He pleaded guilty to the auto banditry charge, and the robbery charge was dropped. The State's exhibits clearly reflect this, and there is no indication anywhere in the exhibits that Appellant was convicted of robbery. Therefore, there is no error here.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.