**Dennis L. BREHM, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 76A04–8911–CR–505.

Court of Appeals of Indiana,
Fourth District.

Aug. 29, 1990.

Eugene C. Hollander, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Danielle Sheff, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant Dennis L. Brehm (Brehm) appeals his convictions for Intimidation, a class D felony, and harassment, a class B misdemeanor. IND.CODE 35–45–2–1 and 35–45–2–2(a)(1).

We affirm.

Brehm presents the following restated issues for our review:

1. whether sufficient evidence supports the convictions;

2. whether the trial court erred in determining it had jurisdiction over the matter; and

3. whether the sentence is manifestly unreasonable.

Elizabeth Brehm (Elizabeth) and Brehm were married in 1972. Elizabeth left Brehm in 1981 after years of physical and mental abuse. When she left, she took the

parties' minor daughter, Tracy, with her. Prior to finalization of their divorce, Brehm began harassing Elizabeth over the phone, in person, and by other means. Brehm waited outside Elizabeth's employment, visited her uninvited at her employment, drove by her home, attempted to run her car off the road, took the distributor wires from her car and threatened to take Tracy away. All parties lived in Michigan at this time. Brehm moved from Michigan and the harassment subsided unless he happened to be in town. Subsequently, Brehm moved back to Michigan.

Elizabeth and Tracy then moved to Indiana and in 1988, Brehm began calling frequently, often asking to speak to Tracy. Tracy was permitted to decide whether to speak with her father. Over the 1988 Christmas holiday, Brehm threatened to take Tracy away and never allow Elizabeth to see her again. In January, 1989, Brehm began calling Elizabeth's residence six to ten times per day. During one conversation with Tracy, Brehm threatened to kill both Tracy and Elizabeth. Elizabeth then began screening her telephone calls via an answering machine. On one message recorded on a Friday afternoon Brehm stated, "why don't you just drop dead?" (R.Supp. 7). Later that weekend, Brehm left the following message

> This is your ex-husband. I think it's time you talked to me about Tracy else I'm coming down. Ain't a goddamn thing you can do about it. Okay? She's [sic] goes at 9:00 and 7:45 is her first class. 8:45 is the second. If you don't think I'd do it, Liz, push my f—kin' ass, cause I'll f—kin' kill you, bitch. You understand? Don't push my f—kin' ass. You can put that on the f—kin' tape. You gotta' face me, bitch. And you're dead. The first time you say. No matter what, there ain't no way you're gonna survive. So, get on the phone. If you don't let me talk to Tracy that's it. I may be in Angola right now.

(R.Supp. 8).[1] Elizabeth was screening her calls at the time and believed Brehm capa-

ble of carrying out his threats. Based on these phone messages, she called the Sheriff's Department and filed a complaint.

Brehm was charged with Intimidation, a class D felony, and harassment, a class B misdemeanor. After a jury trial, he was convicted of both counts and sentenced to consecutive imprisonment terms of four years and 180 days, respectively. Brehm appeals.

■ Brehm contends the evidence is not sufficient to support his convictions. He maintains his telephone messages were acts of frustration, thus the State failed to establish intimidation. Further, he maintains the State failed to show Brehm did not intend legitimate communication by his phone messages. Thus, he posits, the harassment conviction should be vacated. We disagree.

When presented with a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, 1264, *reh. denied, cert. denied*, (1980), 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Instead, we consider only the evidence most favorable to the State. *Meredith v. State* (1987), Ind., 503 N.E.2d 880, 882. If there is substantial evidence of probative value to support the verdict, we will affirm the conviction. *Id.*

I.C. 35–45–2–1 provides, in part

(a) A person who communicates a threat to another person with the intent that:

(1) the other person engage in conduct against his will; or

(2) the other person be placed in fear of retaliation for a prior lawful act;

commits intimidation, a Class A misdemeanor.

(b) However, the offense is a:

(1) Class D felony if:

(A) the threat is to commit a forcible felony;

\*　　\*　　\*　　\*　　\*　　\*

---

1. The times, although they do not seem to correlate, are printed verbatim from the supplemental record.

(c) "Threat" means an expression, by words or action, of an intention to:

(1) unlawfully injure the person threatened or another person, or damage property;

(2) unlawfully subject a person to physical confinement or restraint;

(3) commit a crime;

I.C. 35–45–2–2 provides:

(a) A person who, with intent to harass, annoy, or alarm another person but with no intent of legitimate communication:

(1) makes a telephone call, whether or not a conversation ensues; ...

commits harassment, a Class B misdemeanor.

In *Hyde v. State* (1988), Ind., 531 N.E.2d 472, 473, our supreme court stated

Establishment of the required intent to cause an individual to engage in conduct depends upon the facts and circumstances surrounding the offense.... Those facts and circumstances are also relevant to whether the communication may be objectively viewed as a true threat.

(Citation omitted).

Here, the evidence supports the finding Elizabeth viewed Brehm's statements as a true threat. During their marriage Elizabeth suffered abuse from Brehm. After their divorce Brehm damaged Elizabeth's car, tried to drive her off the road, and threatened to kill her. Elizabeth testified she was afraid after Brehm's threats. The evidence is sufficient to support Brehm's conviction for intimidation.

■ The harassment conviction is supported as well. The harassment statute forbids a telephone call accompanied by the intent "to harass, annoy or alarm another person but with no intent of legitimate communication." *Kinney v. State* (1980), Ind.App., 404 N.E.2d 49, 51. A finding of "no intent of legitimate communication existed," is a factual determination which will be disturbed only upon a showing no substantial evidence of probative value exists from which the trier of fact could reasonably infer the defendant was guilty beyond a reasonably doubt. *Kinney, supra,* at 51.

Here, Brehm alienated Tracy by his threat to kill her. Yet he called their home six to ten times per day and left messages, some of which were threatening. Neither Elizabeth nor Tracy returned his calls. Sufficient evidence supports the conviction. There was no intent of legitimate communication.

■ Brehm next contends the trial court lacked jurisdiction to entertain this cause of action. He maintains the calls originated in Michigan, therefore this court lacked jurisdiction of the case. We disagree.

I.C. 35–41–1–1 states in part

(a) A person may be convicted under Indiana law of an offense if:

(1) either the conduct that is an element of the offense, the result that is an element, or both, occur in Indiana;

Subject matter jurisdiction concerns whether or not the particular court has jurisdiction over the general class of actions to which the particular case belongs. Subject matter jurisdiction must be derived from the Constitution or a statute and cannot be conferred by the consent or agreement of the parties. *Twyman v. State* (1984), Ind., 459 N.E.2d 705, 707.

Here, the result occurred in Indiana. Although Brehm's telephone calls to an Indiana phone number were placed in Michigan, the messages were recorded and received in Indiana. Brehm's call produced a result, intimidation, in Indiana. The trial court properly found Indiana had jurisdiction.

■ Brehm next contends the trial court erred by imposing the maximum sentence for his convictions. He maintains the court failed to consider Elizabeth's actions as a mitigating factor. Thus he contends the sentences are unreasonable. We disagree.

■ Sentencing is a decision within the sound discretion of the trial court and will be reversed only if an abuse of discretion is shown. *Scruggs v. State* (1986), Ind., 489 N.E.2d 935, 938. The imposition of consecutive sentences and the enhancement of a presumptive sentence are both decisions within the realm of the trial court's discre-

tion. I.C. 35–50–1–2(a); 35–38–1–7; *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905. Consideration of mitigating circumstances is not mandatory in sentencing. *Scruggs, supra,* at 938. The consideration of mitigating circumstances is within the sound discretion of the trial judge. *Wilkins v. State* (1986), Ind., 500 N.E.2d 747, 749.

When the court finds aggravating or mitigating factors are present, I.C. 35–38–1–3 requires the trial court's record to include a statement of the court's reasons for selecting the sentence it imposed. The statement should contain: (1) identification of the aggravating and mitigating circumstances found, (2) specific facts and reasons supporting each circumstance, and (3) articulation indicating the factors were weighed and balanced in the determination of the sentence. *Wilkins, supra,* at 748.

Here, the trial court's sentencing statement identifies, supports, and evaluates the relevant aggravating circumstances. The court identified the aggravating circumstances as: Brehm's lack of remorse, Brehm's prior violation of Michigan civil court divorce orders and the likelihood of violating this court's orders, Brehm's attempt to send a message to Elizabeth while he was in jail even though the trial judge told him not to contact her, Brehm's possible unverified alcohol problem, and the emotional stress Brehm's actions have caused Tracy. The court also found Brehm's emotional problem in accepting his divorce and Elizabeth's desire he have no contact with Tracy to be mitigating factors. Even if only one of the aggravating factors is deemed supported, it is enough to sustain the enhancement of a presumptive sentence. *Seeley v. State* (1987), Ind.App., 504 N.E.2d 309, 311. The sentences are not manifestly unreasonable.

Affirmed.

CHEZEM, J., and HOFFMAN, P.J., concur.