48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Frederick A. MEREDITH, Petitioner/Appellant,
v.
Robert FARLEY, Respondent/Appellee.
 No. 93-3680.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1995.*
Decided March 1, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Frederick A. Meredith appeals the district court's denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. Sec. 2254. Meredith contends that his state convictions for attempted murder and armed robbery constitute double jeopardy, and that the state court's modification of the jury verdict to avoid the double jeopardy problem resulted in him being convicted of a crime for which he was not charged, in violation of the due process guarantees of the Fourteenth Amendment. We affirm.
 
 
 2
 In 1985, Meredith was charged in a two count information with the crimes of attempted murder and armed robbery.[1] The information charged that Meredith, armed with a pistol, had robbed the victim and caused him bodily injury or serious bodily injury. An Indiana state jury convicted Meredith of armed robbery resulting in serious bodily harm, a class A felony, and attempted murder, also a class A felony. The jury determined that Meredity had shot the victim, gone through his pockets, and stolen $15 and the victim's bible. Meredity was also convicted of being an habitual offender.
 
 
 3
 At sentencing, the court did the following:
 
 
 4
 The court modifies Jury verdict in Count II from Robbery, a class A felony to Robbery, a class B felony and imposes an executed sentence of ten (10) years in Count II and orders said term to be served concurrently with term imposed in Count I [thirty years for attempted murder, a class A felony].
 
 
 5
 R.Vol. I at 88). The sentencing court also increased Meredith's thirty-year sentence for attempted murder by an additional thirty years for his habitual offender conviction.
 
 
 6
 Meredith pursued a direct appeal, but the convictions and sentence were affirmed by the Indiana Supreme Court in Meredith v. State, 503 N.E.2d 880 (Ind.1987). Meredity brought two successive petitions for post-conviction relief, which were denied by the Indiana courts. Meredith now seeks a writ of habeas corpus from federal court, pursuant to 28 U.S.C. Sec. 2254.
 
 
 7
 Meredith contends that his convictions for both attempted murder and robbery, a class A felony, violated the constitutional bar of double jeopardy for the same offense. Meredith is correct that the Indiana Supreme Court has determined that predicating charges of attempted murder and class A robbery (requiring serious bodily injury) on a single injury violates both federal and state double jeopardy prohibitions. See Bevill v. State, 472 N.E.2d 1247, 1254 (Ind.1985); Malott v. State, 485 N.E.2d 879, 886 (Ind.1985); Mitchell v. State, 541 N.E.2d 265, 271 (Ind.1989).
 
 
 8
 However, Meredith was not convicted of class A robbery: the state court modified the jury verdict and reduced Meredith's conviction to class B robbery. When the defendant is armed with a dangerous weapon, bodily injury is not a requirement of a class B robbery. Hence, the attempted murder is supported by the serious injury, and the class B robbery is supported by the separate fact of being armed with a deadly weapon. See Blockburger v. United States, 284 U.S. 299, 304 (1932) (the test for double jeopardy "is whether [each statutory] provision requires proof of an additional fact which the other does not.").
 
 
 9
 Meredith concedes that convictions for attempted murder and class B robbery do not violate the prohibition against double jeopardy. However, Meredith argues that the state court's modification of the jury verdict was impermissible because it denies him the protection of due process. Meredith contends that he is being convicted of a crime for which he was never charged. See Cole v. State of Arkansas, 333 U.S. 196, 201 (1948) ("No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."). However, "[s]o long as the defendant has received adequate notice of the charges against him so that he has a fair opportunity to defend himself, the constitutional requirement is met." Bae v. Peters, 950 F.2d 469, 478 (7th Cir.1991).
 
 
 10
 In Meredith's case, Meredith was charged with a two-count information. Count I alleged that Meredith attempted to murder the victim, by use of a loaded firearm. Count II alleged that Meredith, armed with a deadly weapon, threatened, shot, and seriously injured the victim in the course of robbing him of money. Meredith, hence, had notice that he was charged with being armed with a deadly weapon. The state court instructed the jury that it was "incumbent upon the State of Indiana to prove to [the jury's] satisfaction beyond a reasonable doubt, each and every material allegation of each count of said information." (Jury Instr. 2). The jury found Meredith guilty of both counts. Thus, the jury determined that Meredith, while armed with a pistol, threatened, shot, and robbed the victim. Meredith had notice of these charges against him and had an adequate opportunity to present a defense. The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The robbery statute provides as follows:
 A person who knowingly or intentionally takes property from another person or from the presence of another person:
 (1) by using or threatening the use of force on any person; or
 (2) by putting any person in fear;
 commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a Class A felony if it results in serious bodily injury to any person other than a defendant.
 Ind.Code Sec. 35-42-5-1.