**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 31 2013, 5:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES AVERITTE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1303-CR-119 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gary L. Miller, Judge
Cause No. 49G21-1211-CM-76911

**October 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

James Averitte ("Averitte") appeals from his conviction after a bench trial of one count of harassment[1] as a Class B misdemeanor, contending that Indiana's harassment statute is unconstitutionally vague. Given his waiver of this claim, his failure to show any reason that the waiver rule should not be applied to his claim, and precedent against his position, we affirm his conviction.

## FACTS AND PROCEDURAL HISTORY

Averitte was the ex-boyfriend of Sharon Bingham ("Bingham"). Their relationship ended in May of 2012. In June of 2012, Averitte contacted Bingham telephonically on numerous days and numerous times leaving numerous threatening voice messages, including threatening to burn down her house. Bingham recognized both Averitte's voice and telephone number. Averitte wanted to restore his relationship with Bingham, and she declined on at least four or five occasions, specifically ruling out any friendship, let alone a romantic relationship.

After Averitte repeatedly called Bingham on her cell phone on June 20, 2012 leaving a message that was vulgar, Bingham then sought law enforcement intervention. Although Bingham did not answer or return his telephone calls, Averitte continued in his efforts to contact Bingham by telephone and email.

The State charged Averitte with Class B misdemeanor harassment for placing the telephone call to Bingham on June 20, 2012. Averitte did not file a pre-trial motion to dismiss the charges against him, nor did he raise any argument that the statute was

---

[1] *See* Ind. Code § 35-45-2-2.

unconstitutional during his bench trial. At the conclusion of Averitte's bench trial, the trial court found Averitte guilty of one count of Class B misdemeanor harassment and sentenced him to a sixty-day sentence, entirely suspended. Averitte now appeals.

## DISCUSSION AND DECISION

Averitte argues on appeal that Indiana's harassment statute is unconstitutionally vague as applied to him because it does not define what constitutes "intent of legitimate communication" leaving that definition to "the discretion of juries, judges and prosecutors." *Appellant's Br*. at 8.

Indiana Code section 35-45-2-2 provides in pertinent as follows: a) A person who, with intent to harass, annoy, or alarm another person but with no intent of legitimate communication: (1) makes a telephone call, whether or not a conversation ensues; commits harassment, a Class B misdemeanor.

"When considering the constitutionality of a statute, we begin with the presumption of constitutional validity, and therefore the party challenging the statute labors under a heavy burden to show that the statute is unconstitutional." *Person v. State*, 661 N.E.2d 587, 592 (Ind. Ct. App. 1996) (citing *Jackson v. State*, 634 N.E.2d 532, 535 (Ind. Ct. App. 1994)). When the validity of a statute is challenged, we begin with a "'presumption of constitutionality.'" *State v. Downey*, 476 N.E.2d 121, 122 (Ind. 1985) (quoting *Sidle v. Majors*, 264 Ind. 206, 209, 341 N.E.2d 763, 766 (1976)) (upholding the constitutionality of Indiana's dependent neglect statute under a void for vagueness challenge). "The burden to rebut this presumption is upon the challenger, and all reasonable doubts must be resolved in favor of the statute's constitutionality." *State v.*

3

*Lombardo*, 738 N.E.2d 653, 655 (Ind. 2000).

Averitte has waived his claim of error because he has raised it for the first time on appeal. A challenge to the constitutionality of a statute must be raised by a motion to dismiss filed prior to trial. "Generally, the failure to file a proper motion to dismiss raising the Constitutional challenge waives the issue on appeal." *Payne v. State*, 484 N.E.2d 16, 18 (Ind. 1985). Because Averitte did not file a motion to dismiss prior to trial, did not object at trial, nor did he otherwise assert this argument prior to appeal, he has waived the argument for purposes of appeal.[2]

Affirmed.

ROBB, C.J., and RILEY, J., concur.

---

[2] We also note that in *Kinney v. State*, 404 N.E.2d 49, 50, 52 (Ind. Ct. App. 1980), a panel of this court held that the statute was not unconstitutionally vague because it "forbids a specific act, a telephone call, when it is accompanied by a specific intent, 'to harass, annoy, or alarm another person but with no intent of legitimate communication.' This specific intent prevents the statute from being unconstitutionally vague."