Freeman D. PEOPLES, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9404–CR–208.

Court of Appeals of Indiana,
Second District.

Jan. 30, 1995.

Mark Maynard, Hasler & Maynard, Anderson, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

KIRSCH, Judge.

## STATEMENT OF THE CASE

Freeman D. Peoples appeals his conviction for Possession of Cocaine,[1] a Class D felony, and raises two issues:

1) Whether the jury venire was properly selected; and

2) Whether the trial court articulated sufficient reasons to justify enhancement of his sentence.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 9, 1992, Peoples was charged with Possession of Cocaine and Public Intoxication.[2] Prior to trial, Peoples filed a motion to dismiss the jury venire because, according to Peoples, the Madison County selection process violated Indiana law; the County's practice is to draw names of prospective jurors exclusively from voter registration lists.

At trial, Peoples was convicted of the cocaine charge and acquitted of the public intoxication charge. Peoples received an enhanced sentence of three years instead of the presumptive sentence of one and one-half years. He now appeals.

## DISCUSSION AND DECISION

### Issue I: Jury Venire Selection

Peoples contends that the jury panel was improperly drawn and that the system used by Madison County violates IC 33–4–5–2(a), which requires a list of prospective jurors be chosen not only from the list of legal voters in the county but also from the county's latest tax schedules.

In *Rogers v. State* (1981), Ind.App., 428 N.E.2d 70, we approved the use of the procedure employed by Madison County. Peoples concedes this but argues that the 1989 Amendment to IC 33–4–5–2(a) prohibits the exclusive use of voter registration lists to form jury venires. In so arguing, Peoples correctly notes that the 1989 amendment eliminated the requirement that a person be a resident voter to qualify for jury duty. Because the 1989 amendment retained the language which requires that the venire be selected from both the voter registration lists and tax schedules, and because the requirement that jurors be voters was eliminated, Peoples argues that the 1989 amendment served to prohibit the method approved in *Rogers*. Therefore, he concludes, both voter registration and proper tax payer lists must be used in preparing jury venires.

The jury selection process should operate to reflect a reasonable cross-section of the community from which it is drawn. *Moore v. State* (1981), Ind.App., 427 N.E.2d 1135, 1137. We have refused to hold, however, that jury panels must constitute a microcosm of a county or a court district. The

1. IC 35–48–4–7 (1988 Ed.).

2. IC 7.1–5–1–3 (1988 Ed.).

statutory jury selection methods are designed to remove any suspicion of favoritism or advantage in the jury selection process. *Rogers*, 428 N.E.2d at 73. Our supreme court has said: "The major requirement should be that the system of selection is not arbitrary. Obviously, jury commissioners must be vested with a certain amount of discretion." *State ex rel. Burns v. Sharp* (1979), 271 Ind. 344, 348, 393 N.E.2d 127, 130 (citations omitted).

To establish a prima facie violation of the fair-cross section requirement, a defendant must show:

"(1) that the group alleged to be excluded is a 'distinctive' group within the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to the systematic exclusion of the group in the jury selection process."

*Duren v. Missouri* (1979), 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579, 587. The burden of demonstrating purposeful discrimination is on the defendant. *Burr v. State* (1980), 273 Ind. 280, 282–83, 403 N.E.2d 343, 344.

While not specifically addressing the significance of the 1989 amendment to IC 33–4–5–2, our supreme court, in *Lambert v. State* (1994), Ind., 643 N.E.2d 349, addressed the arguments Peoples raises. In *Lambert*, the appellant argued that a Delaware County jury panel was improperly drawn because it used only voter registration lists while failing to use the latest tax schedules of the county. The supreme court said:

"In the case at bar, appellant in effect is arguing that property owners who are not registered voters would have been excluded. However, there is no showing that property owners as a group were excluded from the jury. As the State points out, many property owners in fact are registered voters and there is no showing that a jury was made up entirely of registered voters only and excluded property owners."

*Lambert*, 643 N.E.2d at 352.

The same reasoning applies here. Peoples has made no showing that property owners who were not registered to vote were excluded by the Madison County system. Also, Peoples has not shown how the selection system used resulted in a pool of prospective jurors not representative of the people of Madison County or that use of only the voter lists resulted in the deliberate exclusion of certain groups from jury selection. Absent such a showing, we cannot say that Peoples' rights have been violated. *See Lamar v. State* (1977), 266 Ind. 689, 696, 366 N.E.2d 652, 656. The trial court did not err when it allowed the case to go to trial with the challenged venire.

### Issue II: Sentence Enhancement

Peoples next argues that the trial court did not sufficiently articulate aggravating factors to justify enhancing his sentence.

Sentencing decisions rest within the sound decision of the trial court. *Berry v. State* (1990), Ind.App., 561 N.E.2d 832, 840. This court will not revise a sentence authorized by statute unless the sentence is manifestly unreasonable in light of the offense and the offender. Ind. Appellate Rule 17(B); *Durbin v. State* (1989), Ind.App., 547 N.E.2d 1096. The trial court has discretion to enhance the presumptive sentence. *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905.

Before sentencing a person for a felony, a trial court must conduct a hearing to consider facts and circumstances relevant to sentencing. IC 35–38–1–3 (1988 Ed.). If the court departs from the presumptive sentence, the court shall make a record of the hearing including a statement of aggravating and mitigating circumstances. *Id.*

A single aggravating factor may support the enhancement of a presumptive sentence or the imposition of consecutive sentences. *Davidson v. State* (1990), Ind., 558 N.E.2d 1077, 1092. If the trial court enhances the sentence, the record must show that "the determination was based upon the consideration of the facts of the specific

crime, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which will be served by the sentence." *Smith v. State* (1985), Ind., 474 N.E.2d 71, 73. The trial court's on-the-record statement must: (1) identify all significant mitigating and aggravating circumstances; (2) identify specific facts and reasons supporting each circumstance; and (3) articulate how the circumstances were balanced in determining the sentence to be given. *Brehm v. State* (1990), Ind.App., 558 N.E.2d 906, 909. The failure of the sentencing court to articulate whether aggravating factors outweighed mitigating factors does not require remand where the record reveals that the trial court thoughtfully evaluated the facts and circumstances before it, and the aggravating factors cited are supported by the evidence. *Wells v. State* (1991), Ind.App., 568 N.E.2d 558, 562–63. Consideration of mitigating factors is not mandatory and lies within the sound discretion of the trial court. *Brehm*, 558 N.E.2d at 906.

Here, the court's sentencing statement sufficiently articulated reasons to enhance Peoples' sentence. The court cited Peoples' commission of theft as a juvenile, his problems in school including pulling a knife on a teacher, and his prior criminal history as an adult. Admittedly, the trial court's sentence statement might have been clearer had it recited aggravating and mitigating factors more distinctly from one another instead of the narrative form it employed. Such a procedure facilitates a better understanding of the court's reasoning underlying the enhancement; it also facilitates appellate review. Nevertheless, we cannot say that the trial court failed to articulate the significant mitigating and aggravating factors and the facts which support such factors. We also cannot say that the enhancement of Peoples sentence was manifestly unreasonable.

Affirmed.

FRIEDLANDER and RILEY, JJ., concur.