**Bradley J. SMITH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A03–0903–CR–91.**

Court of Appeals of Indiana.

July 13, 2009.

Brian J. May, South Bend, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Bradley J. Smith (Smith), appeals his sentence for rape by threatening deadly force, a Class A felony, Ind.Code § 35–42–4–1, and robbery, as a Class C felony, I.C. § 35–42–5–1.

We affirm.

### ISSUE

Smith raises one issue, which we restate as: Whether the trial court abused its discretion when it sentenced him.

## FACTS AND PROCEDURAL HISTORY

On the evening of December 21, 1995, Smith came into contact with H.S., and took her into a garage near her home. Smith told H.S. that he would kill her if she did not have sex with him, and then he raped her. After the rape, Smith took H.S.'s watch.

On March 5, 1997, the Indiana State Police collected a blood sample from Smith who was then incarcerated for burglary, as a Class C felony. At some point, Smith's DNA was found to match the DNA left by H.S.'s rapist.

On May 10, 2001, the State filed an Information charging Smith with Count I, rape by threatening deadly force, a Class A felony, I.C. § 35–42–4–1; Count II, criminal deviate conduct, as a Class A felony, I.C. § 35–42–4–2; Count III, attempted criminal deviate conduct, as a Class A felony, I.C. §§ 35–41–5–1 and 35–42–4–2; and Count IV, robbery while armed with a deadly weapon, a Class B felony, I.C. § 35–42–5–1. On December 20, 2001, Smith pled guilty to Count I, rape, and a lesser included offense of Count IV, robbery as a Class C felony, in exchange for the State's agreement to dismiss Counts II and III, the State's recommendation that Smith's sentences run concurrently, and the State's agreement to not file an habitual offender charge. The trial court took Smith's plea under advisement.

On February 19, 2002, the trial court conducted a sentencing hearing. Smith did not present the trial court with any potential mitigating factors, but rather argued that

> a thirty year sentence I think is sufficient to take care of the problem, plus the additional four years he has to do, it would be close to twenty years with good time credit ... or close to twenty years he would have to do [ ] before he

would be back out. And that certainly gives him plenty of time to not become a burden or have a recurring problem.

(Sentencing Transcript p. 4). The State explained that Smith had five felony convictions as an adult and had just been released to parole at the time that he committed the rape and robbery of H.S. This prior offense for which he had been incarcerated and later paroled was rape. The trial court noted Smith's extensive criminal history and expressed that Smith "has shown no inclination to do anything to be a proper citizen." (Sent. Tr. p. 6). The trial court sentenced Smith to fifty years for rape and eight years for robbery, ordered those sentences to be served concurrently, and ordered the entirety of the sentence to be served consecutively to his remaining four years of his sentence for burglary which he was serving when his DNA was sampled.

On October 23, 2008, Smith filed a Petition for Leave to File a Belated Notice of Appeal. After a hearing, the trial court determined that Smith had failed to file a timely notice of appeal, but he was not at fault for this failure and had diligently requested permission to file a belated notice of appeal. On February 4, 2009, the trial court granted Smith's request to file a belated notice of appeal.

Smith now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

■ Smith contends that the trial court abused its discretion when sentencing him. At the time when Smith committed the rape and robbery, the governing sentencing law was that "the record must show that 'the determination was based upon the consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved, and the relation of

the sentence imposed to the objectives which will be served by the sentence.'" *Peoples v. State,* 649 N.E.2d 638, 640 (Ind. Ct.App.1995) (quoting *Smith v. State,* 474 N.E.2d 71, 73 (Ind.1985)). Further, the presumptive sentencing scheme was in effect, meaning that the trial court had to engage in judicial fact finding to enhance Smith's sentence beyond the fixed presumptive term. *Anglemyer v. State,* 868 N.E.2d 482, 487 (Ind.2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind.2007).

The fixed presumptive term for Smith's rape conviction was thirty years, with the maximum sentence being fifty years. I.C. § 35–50–2–4 (1995). The fixed presumptive term for his robbery conviction was four years, with the maximum sentence being eight years. I.C. § 35–50–2–6 (1995). Therefore, the trial court sentenced Smith to the maximum term for each of his crimes.

Smith contends that "[i]t has been suggested that when the only aggravating circumstance stated to enhance the defendant's sentence is his prior criminal history, the trial court should look to an additional aggravator to raise the sentence from the presumptive." (Appellant's Br. p. 7) In support of his argument, Smith cites *Newsome v. State,* 797 N.E.2d 293, 300 (Ind.Ct.App.2003). We note that *Newsome* is easily distinguishable from the circumstances here. Newsome had three prior convictions for misdemeanor offenses, while Smith's history of juvenile delinquency and adult criminal history fills three pages of his Pre-Sentence Investigation Report. Furthermore, we disagree with Smith's interpretation of language in *Newsome,* addressing the consideration of criminal history as an aggravating factor. The *Newsome* court stated as follows:

> The trial court also cited Newsome's criminal history as an aggravating fac-

tor. His record contains three fairly recent misdemeanor convictions, two of which were for battery. Newsome argues that his record is relatively minor and, therefore, not worthy of being considered as an aggravating factor. A person's criminal history is a valid aggravating circumstance, and thus Newsome's history was properly considered by the trial court as an aggravator, particularly since two of the convictions were for battery. *See* I.C. § 35–38–1–7.1(b)(2). *The weight to be afforded this factor must be considered along with the other aggravators cited by the trial court.* We would tend to agree with Newsome that an enhanced sentence would not have been appropriate had the only aggravator been his criminal history. However, that is clearly not the case. The criminal history was properly considered by the trial court *along with the other aggravators.*

*Newsome,* 797 N.E.2d at 300 (emphasis added). We do not interpret this passage as meaning where criminal history is found to be an aggravating factor, an additional aggravating factor must be found before a trial court may enhance a defendant's sentence beyond the presumptive. Rather, we interpret this language in *Newsome* to mean, among other things, that since there were multiple aggravating factors, we must acknowledge the other aggravating factors to understand what weight has been given to the criminal history aggravating factor. Here, the trial court found only one aggravating factor, Smith's criminal history, so *Newsome* does not aid our analysis.

Be that as it may, we have clearly stated that one aggravating factor can be a sufficient basis to enhance a sentence. *Peoples,* 649 N.E.2d at 640. Smith's extensive criminal history is a significant aggravating factor.

 Smith also contends that the trial court abused its discretion because it failed to find any mitigating factors. Relevant to his claim, our supreme court addressed a similar situation in *Anglemyer* on rehearing. It noted that the general proposition is that "the trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing." *Anglemyer*, 875 N.E.2d at 220. However, there is "at least one important exception, namely: pleas of guilty." *Id.* "Because a sentencing court is inherently aware of the fact that a guilty plea is a mitigating circumstance," a defendant is not prohibited from "raising the issue for the first time on appeal." *Id.* Smith did not present any potentially mitigating factors to the trial court at sentencing, and, therefore, the trial court could not have abused its discretion for failing to find a mitigating factor, excepting one: his guilty plea.

Nevertheless, a trial court does not necessarily abuse its discretion when it does not announce that it is considering a defendant's guilty plea as a mitigating factor, because the guilty plea may not be due *significant* mitigating weight.

> We have held that a defendant who pleads guilty deserves some mitigating weight to be given to the plea in return. But an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. And the significance of a guilty plea as a mitigating factor varies from case to case. For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility, or when the defendant receives a substantial benefit in return for the plea.

*Id.* at 220–21 (citations and punctuation omitted). Here, Smith exchanged his guilty plea for substantial benefit—the dismissal of two Class A felony charges, the State's agreement not to file an habitual offender charge, and the State's recommendation for concurrent sentencing—and on appeal he does not contend that his plea of guilty is significant in spite of this substantial benefit.

Altogether, we cannot say that the trial court abused its discretion by relying on Smith's criminal history alone to sentence him to the maximum sentence, or by not finding any significant mitigating factors.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion when sentencing Smith.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.