Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2012, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JONATHAN M. YOUNG**
Law Office of Jonathan M. Young, P.C.
Newburgh, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL S. DORNBUSCH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 87A01-1112-CR-604 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WARRICK SUPERIOR COURT
The Honorable Robert R. Aylsworth, Judge
Cause Nos. 87D02-1102-FD-77, 87D02-1102-FB-78, 87D02-1102-FB-79,
87D02-1102-FB-80, 87D02-1102-FB-81

**July 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Michael S. Dornbusch appeals the sentence he received after pleading guilty to four counts of Class B felony burglary[1] and one count of Class D felony attempted residential entry.[2] He raises two issues, which we restate as whether the trial court abused its discretion by ordering his sentence served consecutive to his sentence in Vanderburgh County and whether his sentence is inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

Between December 3, 2010 and January 17, 2011, Dornbusch burglarized multiple residences in Vanderburgh and Warrick counties. He drove a 1995 green Nissan truck and used pry-bars to gain entry to the homes. On January 17, 2011, Dornbusch was arrested during a burglary in Vanderburgh County. Police recovered some of the stolen items from Dornbusch's residence.

Dornbusch agreed to plead guilty in the Warrick County cases to four counts of Class B felony burglary and one count of Class D felony attempted residential entry. The State agreed not to file an habitual offender enhancement. The Warrick Superior Court sentenced Dornbusch to fifteen years for each burglary charge and to three years for the attempted residential entry charge. The court ordered all five sentences to run concurrent with each other, but the court then ordered the cumulative fifteen-year sentence ordered herein to be served consecutive to the fifteen-year sentence Dornbusch was ordered to serve for sixteen convictions in Vanderburgh County.

---

[1] Ind. Code § 35-43-2-1.
[2] Ind. Code § 35-43-2-1.5.

## DISCUSSION AND DECISION

1.    Abuse of Discretion

Dornbusch first argues the trial court abused its discretion in ordering his sentence served consecutive to the Vanderburgh County sentence. Although he concedes the trial court had authority to so order, he argues the trial court did not properly consider the aggravating and mitigating circumstances.

A decision to impose consecutive or concurrent sentences is within the trial court's sound discretion and is reviewed only for an abuse of discretion. *Gellenbeck v. State*, 918 N.E.2d 706, 712 (Ind. Ct. App. 2009). Although a trial court is required to state its reasons for imposing consecutive sentences, it may rely on the same aggravators to impose consecutive sentences as were used to pronounce sentences greater than the advisory. *Id.* A single aggravating circumstance may support the imposition of consecutive sentences. *Id.*

The trial court found Dornbusch's prior criminal history to be an aggravating factor. Dornbusch was convicted of eight counts of Class B felony burglary and eight counts of Class D felony theft in Vanderburgh County for crimes that overlapped with the acts underlying the five convictions herein. In addition, between 1992 and 1999 in South Carolina, Dornbusch was convicted of four misdemeanor property offenses, two felony property offenses, two counts of assault and one count of domestic violence. We find no abuse of discretion in the court finding an aggravator in that history. *See Smith v. State*, 908 N.E.2d 1251, 1253 (Ind. Ct. App. 2009) (holding criminal history is a valid aggravator).

The trial court also found the nature and circumstances of Dornbusch's crimes was an

3

aggravating circumstance: "The number and quality of the crimes committed by the defendant in Vanderburgh and Warrick Counties, within a relatively short period of time, is shocking. I can't ever remember anyone that I'm aware of locally committing more burglaries in a shorter period of time . . . ." (App. Vol. 1 at 52-3.) The victim impact statements indicate the combined unrecovered loss for Dornbusch's Warrick County victims was greater than two thousand dollars, while the combined unrecovered loss for his Vanderburgh County victims was greater than forty-four thousand dollars.

Dornbusch contends the trial court should have considered additional mitigating circumstances. The trial court acknowledged Dornbusch's guilty plea was a mitigating circumstance, but did not find any others. A trial court abuses its discretion in sentencing if it overlooks "substantial" mitigating factors that are "clearly supported by the record." *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g on other grounds* 875 N.E.2d 218 (Ind. 2007). Dornbusch asserts the trial court should have considered as mitigators his remorse, untreated mental disorders, drug addiction, and completion of numerous programs in jail, but he has not pointed to evidence in the record that demonstrates these mitigators are sufficiently substantial to support finding an abuse of the trial court's discretion. *See*, *e.g.*, *Sharkey v. State*, 967 N.E.2d 1074, 1079 (Ind. Ct. App. 2012) (declining to find abuse of discretion in court's failure to find remorse a mitigator).

In light of the aggravators and finding no error in the trial court's rejection of Dornbusch's additional alleged mitigators, the trial court was well within its discretion to order his sentence to be served consecutive to the sentence in Vanderburgh County.

4

2.      Inappropriateness

Dornbusch argues those same alleged mitigators reflect on his character and should have resulted in a lesser sentence, making this sentence inappropriate. We disagree.

We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. App. Rule 7(B). In our review, "we must and should exercise deference to a trial court's sentencing decision . . . ." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied*. "The defendant has the burden of persuading us that his sentence is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

Dornbusch argues the trial court should not have ordered him to serve the fifteen years for his five convictions herein consecutive to the fifteen years he was ordered to serve for sixteen convictions in Vanderburgh County. Dornbusch's offenses in Warrick County resulted in unrecovered losses to his victims of over two thousand dollars, and his offenses in Vanderburgh County resulted in unrecovered losses in excess of forty-four thousand dollars.

When we consider the character of the offender, "one relevant fact is the defendant's criminal history." *Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011). The significance of criminal history depends on the "gravity, nature, and number of prior offenses in relation to the current offense." *Id*. Dornbusch's criminal history includes the five

convictions herein, sixteen convictions in Vanderburgh County, and nine convictions from South Carolina. Six of the nine convictions from South Carolina are for property crimes, similar to those for which Dornbusch is being convicted herein.

Given Dornbusch's prior criminal history, the nature of the many offenses committed in Vanderburgh and Warrick Counties, and his admitted daily use of methamphetamine, cocaine, marijuana, and alcohol, we cannot say the trial court's sentence was inappropriate.

Affirmed.

BARNES, J., and FRIEDLANDER, J., concur.