**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 11 2013, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MANUEL LLOYD JAMERSEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1206-CR-257 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1010-FA-36

**February 11, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Manuel Lloyd Jamersen (Jamersen), appeals his sentence for Count I, child molesting, a Class A felony, Ind. Code § 35-42-4-3(a); and Count II, attempted child molesting, a Class A felony, I.C. §§ 35-42-4-3, -41-5-1.

We affirm.

ISSUE

Jamersen raises one issue on appeal, which we restate as: Whether the trial court abused its discretion in sentencing him.

FACTS AND PROCEDURAL HISTORY

Between December 1, 2009 and July 28, 2010, Jamersen lived with thirteen-year-old M.F., her mother, and other family members in a building in Gary, Indiana. Over the course of eight months, Jamersen molested M.F. numerous times with the incidents taking place in the basement, Jamersen's bedroom, and throughout the house. Jamersen engaged in fondling, touching, and oral sex with M.F. Jamersen told M.F. that she was his girlfriend and threatened to put her mother in jail if M.F. informed her of their activities. On July 30, 2010, M.F.'s mother contacted the Gary Police Department, which began investigating. Jamersen was arrested thereafter in Cook County, Illinois and extradited to Indiana.

On October 22, 2011, the State filed an Information charging Jamersen with Count I, child molesting, a Class A felony, I.C. § 35-42-4-3(a); Count II, attempted child molesting, a Class A felony, I.C. §§ 35-42-4-3(a), -41-5-1; and Count III, child

molesting, a Class C felony, I.C. § 35-42-4-3(b). On April 9, 2012, Jamersen pled guilty to all Counts without a plea agreement before a magistrate. Jamersen's counsel announced that the factual basis for the plea would be established orally and the magistrate suggested that the probable cause affidavit be used. Jamersen's counsel recited portions of the plea agreement which Jamersen affirmed.

Jamersen admitted many of the allegations his counsel read or summarized from the plea agreement but denied others. Specifically, he denied that he told M.F. not to tell her mother, that he inserted his finger into M.F.'s vagina, that he told M.F. that he did not want to engage in intercourse so as to avoid leaving evidence, and that he ejaculated in M.F.'s mouth. However, at the conclusion of the guilty plea hearing, the magistrate confirmed the factual basis with Jamersen as follows:

> [TRIAL COURT]: Just for the record then, too, in terms of the factual basis, what I understood you to say, Mr. Jamersen, correct me if I'm wrong, that you were affirming everything that was in the probable cause affidavit except for the fact that you never threated or you didn't in any way try to threaten [M.F.'s] mother with going to jail if [M.F.] told, right? You never did that?
>
> [JAMERSEN'S COUNSEL]: You have to speak out loud.
>
> [JAMERSEN]: No. I'm sorry. No, your Honor.
>
> [TRIAL COURT]: Okay. And you never stuck your fingers up inside her; is that right?
>
> [JAMERSEN]: No, I did not.
>
> [TRIAL COURT]: Okay. Those are the only two things you disputed in the probable cause affidavit?
>
> [JAMERSEN]: Exactly.

3

[TRIAL COURT]:  Is that right?

[JAMERSEN]:  Yes, your Honor.

[TRIAL COURT]:  You are both agreeing?

[JAMERSEN]:  Yes, your Honor.

[JAMERSEN'S COUNSEL]:  Yes.

[STATE]:  Yes, your Honor.

(Plea Transcript. pp. 23-24).

On May 3, 2012, the trial court held a sentencing hearing.  Jamersen's counsel argued that Counts II and III should merge with Count I.  While the trial court agreed that Count III would merge into Count I, it indicated it would enter judgment on Count II. During the discussion, the following exchange occurred:

> [STATE]:  I think the attempted [child molesting, Count II] stands on its own, based on the facts and the [p]robable [c]ause [a]ffidavit, which he has adopted as his stipulated factual basis for this plea.
>
> [TRIAL COURT]:  My note from the magistrate indicates that he denied digital penetration.
> [* * *]
>
> [JAMERSEN'S COUNSEL]:  Yes, he did.
>
> [TRIAL COURT]:  My understanding – and I spoke with Magistrate Sullivan this morning – of the oral factual basis is that the [p]robable [c]ause [a]ffidavit was read.  And essentially discussion went to Jamersen and said, "[d]o you agree with what's been read," essentially.  And he disagreed with two aspects.  One was the […] statement to the mother that the mother would go – the statement to the child that the mother would go to jail if she told anyone.  Jamersen denied that.

4

The second was the […] digital penetration, the finger penetration. And Jamersen denied that as well. And that's all I have. Everything else was consistent and Mr. Jamersen remained consistent with the [p]robable [c]ause [a]ffidavit. That's my understanding of what took place at the change of plea. […].

[JAMERSEN'S COUNSEL]: That is correct, your Honor.

(Sentencing Tr. pp. 6-7). The trial court later found Jamersen had manipulated M.F., a troubled girl who had been significantly damaged by Jamersen's acts. The court also found that Jamersen abused a position of trust over the thirteen year old M.F. The 55 year old Jamersen, who resided in the same house as a "live-in tenant or guest" and looked over M.F. when her mother was away, "took advantage" of her. (Sent. Tr. p. 33). The trial court found as a mitigator that Jamersen pled to the charges but nevertheless concluded that the aggravators clearly outweighed the mitigator. It sentenced Jamersen to the Department of Correction for forty years on Count I and twenty years on Count II. Count III was merged into Count I and both Counts I and II were ordered to run consecutively, resulting in an aggregate sentence of sixty years.

Jamersen now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Jamersen argues that the trial court abused its discretion when it sentenced him. Sentencing decisions rest with the sound discretion of the trial court and those decisions are generally reviewed upon appeal for an abuse of that discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion will be found where the decision is clearly against the logic and effect

of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. One way that the trial court may abuse its discretion is by finding a factor in aggravation that is otherwise unsupported by the record. *Id*. When reviewing the sufficiency of a sentencing statement, we examine both the trial court's written and oral statements. *Gleason v. State*, 965 N.E.2d 702, 710 (Ind. Ct. App. 2012).

In both its written and oral sentencing statements, the trial court found the following six aggravating factors: (1) Jamersen's criminal history, which included felony and misdemeanor convictions; (2) Jamersen's age of 55, his residence with M.F. and her family, and the supervisory position over M.F. when her mother was not at home; (3) Jamersen had molested M.F. over a ten month period, during which deviate sexual conduct and attempted deviate sexual conduct occurred; (4) the emotional impact of his conduct upon M.F. and her mother; (5) Jamersen's acts were calculated to conceal his crimes; and (6) Jamersen's character was deceptive and manipulative.

Jamersen's sole challenge to his sentence is that a single aggravating factor identified by the trial court is unsupported by the evidence. Jamersen references his plea hearing before the magistrate during which he denied telling M.F. that he abstained from intercourse with her in order to avoid leaving evidence. He claims that the trial court later improperly relied on this circumstance by aggravating his sentence based upon its conclusion that Jamersen's acts were calculated to conceal evidence of his crimes and that his character was deceptive and manipulative. This argument is unavailing.

6

When establishing the factual basis for Jamersen's plea, the magistrate expressly sought Jamersen's confirmation that he contested only two facts: digital penetration and threatening to send M.F.'s mother to jail if M.F. revealed his crimes. Jamersen concedes that neither he nor his counsel objected or attempted to repeat his prior denials. Thus, Jamersen cannot now argue that he denied telling M.F. that he abstained from intercourse to avoid leaving evidence. The trial court could and did find this as evidence of a calculated attempt to conceal Jamersen's crimes and indicative of a deceptive and manipulative character.

Even if we were to conclude otherwise, reversal would not be required. The trial court need only find one aggravating factor before exercising its discretion to enhance a sentence. *See Smith v. State*, 908 N.E.2d 1251, 1253 (Ind. Ct. App. 2009). Jamersen does not challenge the trial court's finding that he held a position of supervision over M.F. Nor does he contest other evidence supporting a finding that he molested M.F. in a manner calculated to hide his offenses such as by secluding M.F. and molesting her away from other occupants in the house. Given these remaining aggravating factors found by the trial court, we can say with confidence that the trial court would have imposed the same sentence. *See Anglemyer*, 868 N.E.2d at 491.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion when sentencing Jamersen.

Affirmed.

7

BAKER, J. and BARNES, J. concur