Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 29 2014, 9:31 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREMY J. TURNER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A02-1403-CR-222 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1210-FB-19

**October 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Jeremy J. Turner appeals his sentence after pleading guilty to one count of dealing in methamphetamine as a Class B felony, [1] contending that the trial court abused its discretion when sentencing Turner and that Turner's sentence is inappropriate in light of the nature of the offense and the character of the offender. Consistent with our standard of review, however, we affirm.

## FACTS AND PROCEDURAL HISTORY

The facts supporting Turner's guilty plea established that Turner went to the house where his brother, Jason Johnson, lived with Leah Allen and her young child. Johnson and Allen's child were both sleeping in the living room of the house when Turner awakened Johnson to ask if he could use the attached garage to work on his car. Turner had used the garage for approximately an hour before running into the house and informing Johnson that there was a fire in the garage. Smoke billowed into the house from the attached garage and noxious fumes were present.

Allen attempted to extinguish the fire, but cut her hand when the vase or pitcher she was attempting to fill with water broke. Johnson told Turner he was going to call the police and fire department, but Turner requested that he not do so. Turner's brother called 911 nonetheless and Turner fled the scene. Johnson observed what he believed were items related to illegal drugs in the attached garage.

When firefighters arrived, there was heavy smoke coming from the attached garage,

---

[1] Ind. Code §35-48-4-1.1(a)(1) (2006).

and the house was filled with black smoke. The firefighters attempted to enter through the garage door, but the door was locked, forcing the firefighters to break the door and remove it from its frame in order to gain access. Once the fire was extinguished, police officers on the scene found several items related to the manufacture of methamphetamine; however, several items Turner used to manufacture the methamphetamine were reduced to ash as a result of the fire. Police officers and firefighters determined that the fire was caused by Turner's manufacturing of methamphetamine.

Johnson and Allen were allowed to briefly enter the house to gather a few personal items including clothes and diapers for Allen's daughter. On Monday, October 8, 2012, Johnson called the detective assigned to the case to report that when he returned to the house to pick up some personal belongings it appeared to him that someone else had entered the house over the weekend. Johnson also reported finding additional drug paraphernalia he thought that the officers might have overlooked.

Turner pleaded guilty to manufacturing methamphetamine the day before his jury trial was to begin, and the State agreed to dismiss another charge filed against Turner. By the terms of the plea agreement, Turner's sentence was capped at 12 years. The trial court accepted Turner's plea and sentenced him to twelve years executed to be served consecutively to a prior sentence imposed in Allen County. Turner now appeals. Additional facts will be supplied as needed.

## DISCUSSION AND DECISION

### I. ABUSE OF DISCRETION IN SENTENCING

Turner claims that the trial court abused its discretion by finding as an aggravating

3

circumstance that the injury, harm, loss, or damage suffered by the victim of the offense was both significant and greater than that required to prove the commission of the offense, and ordering Turner's sentence to be served consecutively to one imposed in Allen County.

"Sentencing decisions are reviewed for an abuse of discretion." *Bethea v. State*, 983 N.E.2d 1134, 1139 (Ind. 2013). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court." *Id*. A sentencing court may abuse its discretion by: (1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) omitting reasons that are clearly supported by the record and advanced for consideration, or (4) stating reasons that are improper as a matter of law. *Kimbrough v. State*, 979 N .E.2d 625, 628 (Ind. 2012).

In pertinent part, the trial court's oral sentencing statement is as follows:

> Mr. Turner, you started a fire in a home [where] a small child lived. You destroyed that child's home. Your brother and his family were displaced and you fled, you ran away, very selfish behavior on your part. . . . They[sic], considering imposing a sentence, I know one of the statutory factors at 35-38-1-7.1 is whether the injury harm or loss or damage suffered by the victim of the offense is greater than all of the elements necessary to prove the commission of the offense. As I stated earlier, this is not, drug use is typically thought of as a victimless crime. It wasn't in this case. As I stated earlier, [your] brother and his family, you set fire to their, to their property. The property owner, who they rented from, had lost their property. I can't ignore that and I am finding that also, I think it fits the definition of the aggravating factors the Court's going to consider. . . .

Tr. p. 54.

Turner contends that the trial court erroneously found that the home Johnson and his family were living in was completely destroyed, arguing that the record does not

4

support that finding. In order to establish that Turner committed the offense, the State was required to show only that Turner knowingly or intentionally manufactured methamphetamine. Ind. Code §35-48-4-1.1(a)(1). Therefore, any damage to the property was significant and greater than that required to prove Turner committed the offense.

Moreover, the record reflects that Johnson and his family were not allowed to stay in the home after the fire, and were allowed to re-enter the home to pick up a few essentials including diapers for Allen's child. Johnson called the detective investigating the incident after a subsequent trip to the house to retrieve a few more personal items, since the family was displaced from their home. Johnson reported that black smoke came into the home from the attached garage and there was an odor of noxious fumes from the fire. Firefighters had to break down the garage door to gain access to the fire. This aggravating circumstance is supported by the record, and the trial court did not abuse its discretion in finding that factor.

Assuming, *arguendo*, that the trial court abused its discretion by finding that factor, there was an additional valid factor supported by the record. Indeed, a single aggravating circumstance is sufficient to justify a sentence enhancement. *Peoples v. State*, 649 N.E.2d 638, 640 (Ind. Ct. App. 1995). Here, the trial court also found Turner's criminal history to be an aggravating factor. We will elaborate on Turner's criminal history in our analysis of his challenge to the appropriateness of his sentence. Suffice it to say that Turner's extensive criminal history is supported by the record and is unchallenged on appeal. Given that criminal history, we can say with confidence that the trial court's sentence enhancement should be affirmed.

Turner further claims that the trial court abused its discretion by ordering the sentence in this matter to be served consecutively to Turner's sentence in Allen County. A trial court has the discretion to impose consecutive sentences. Ind. Code §35-50-1-2 (2012); *McBride v. State*, 992 N.E.2d 912, 919 (Ind. Ct. App. 2013). "However, a trial court is required to state its reasoning for imposing consecutive sentences." *Id*. "In order to impose consecutive sentences, a trial court must find at least one aggravating circumstance." *Id.*

We have concluded that the trial court did not abuse its discretion by finding the aggravating circumstances set forth in the oral sentencing statement. Any one of those aggravating circumstances would have supported the imposition of consecutive sentences. We reject Turner's request that we conclude that the trial court abused its discretion by improperly weighing his criminal history as an aggravating circumstance also used to support consecutive sentencing. "Because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence, unlike the pre-*Blakely* statutory regime, a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors." *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007).

Turner's criminal history in large part is comprised of offenses related to substance abuse. Turner failed to address his substance abuse over the years. His criminal history reflects a history of disregard for the law. The trial court did not abuse its discretion with respect to its finding about Turner's criminal history.

Similarly, we reject Turner's argument that because his crimes were so similar and

closely related in time that they should not be considered for purposes of supporting consecutive sentencing. Turner was arrested in Allen County when police officers who were there to serve a warrant for his arrest in the present case discovered that Turner continued to manufacture methamphetamine. The offenses, while similar, occurred five months apart. This is further evidence that he has not been deterred from criminal activity. There is no abuse of discretion here.

## II. INAPPROPRIATE SENTENCE

Turner also contends that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Article 7, section 4 of the Indiana Constitution authorizes independent appellate review of sentences. *Rice v. State*, 6 N.E.3d 940, 946 (Ind. 2014). This review is implemented through Appellate Rule 7(B), which states that we may revise a sentence, even if authorized by statute, if "after due consideration of the trial court's decision," the sentence is inappropriate "in light of the nature of the offense or the character of the offender."

The principal role of such review is to attempt to leaven the outliers. *Merida v. State*, 987 N.E.2d 1091, 1092 (Ind. 2013). "Sentence review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Id.*

Per the terms of the plea agreement, Turner's sentence was capped at twelve years. The trial court imposed a sentence of twelve years executed at the Department of Correction with no time suspended to probation. At the time he committed his offense, the

7

sentencing range for dealing in methamphetamine as a Class B felony was a term of from six to twenty years imprisonment with an advisory sentence of ten years. Turner argues that his sentence, which is two years above the advisory sentence for his offense, and is the maximum allowed by the plea agreement, is inappropriate.

As for the nature of the offense, Turner's conduct went beyond the elements required to establish that he knowingly manufactured methamphetamine, pure or adulterated. Turner went to his brother's house and in the process of manufacturing the methamphetamine started a fire in the attached garage. Johnson, who is Turner's brother, Allen, and her small child were in the home at the time. Smoke and noxious fumes wafted into the house, forcing all to evacuate. Allen cut her hand in the process of attempting to douse the fire. Turner fled the scene upon learning that Johnson intended to call for assistance from the police and firefighters. The home was further damaged when firefighters broke into the garage to gain access to the source of the fire. Johnson was allowed re-entry of the house for brief periods to retrieve items the family needed upon being displaced from the residence. Our Supreme Court has recognized that the process of manufacturing methamphetamine is very dangerous and poses a high risk of explosion and fire. *Holder v. State*, 847 N.E.2d 930, 939 (Ind. 2006).

As for the character of the offender, we observe that Turner's criminal history spans most of his adult life. Turner did express remorse and regret for his actions, taking responsibility by pleading guilty. However, Turner sent a letter to the trial court after pleading guilty, claiming that he had been coerced to accept the plea agreement and placed blame on his trial counsel. He also expressed his desire to withdraw his plea. The trial

8

court allowed Turner's court-appointed trial counsel to withdraw his representation. At the time of sentencing, however, Turner did not claim that his plea was coerced. Therefore, although Turner ultimately accepted responsibility by pleading guilty, his subsequent, inconsistent actions undermine Turner's acceptance of responsibility. The trial court explicitly noted that it seemed Turner was saying what he believed the trial court wished to hear in order to receive a more favorable sentence.

Turner also received a substantial benefit from his plea. One of the charges filed against Turner was dismissed per the terms of the plea agreement. Turner's plea is also less significant considering that he pleaded guilty one day prior to the start of his jury trial. *See Gillem v. State*, 829 N.E.2d 598, 605 (Ind. Ct. App. 2005) (plea has lessened significance where State has already spent considerable time and resources). Given the video tape of Turner purchasing the precursors used to attempt to manufacture the methamphetamine and eyewitness testimony of his presence at Johnson's house, the trial court could have reasonably concluded that Turner's decision to plead guilty was largely a pragmatic one. *See Wells v. State*, 836 N.E.2d 475, 480 (Ind. Ct. App. 2005) (guilty plea accorded less significant weight where plea was largely pragmatic decision). Further, his plea provided for a sentencing cap of twelve years instead of the twenty year maximum sentence Turner faced.

Turner's criminal history was described by the preparer of his pre-sentence investigation report as precluding any "consideration of most mitigating factors." Appellant's App. p. 273. Turner, who was thirty-nine when his committed this offense, had no less than fifteen convictions as an adult. That criminal history consisted mostly of

9

substance abuse offenses, but he also had convictions for battery and felony burglary. Turner's probation had been revoked multiple times, the latest for consuming alcohol and committing new offenses. We conclude that Turner has failed to meet his burden of persuading us that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

## CONCLUSION

In light of the above, we affirm the trial court's decision.

Affirmed.

RILEY, J., and MATHIAS, J., concur.