## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 03 2020, 8:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria Bailey Casanova
Casanova Legal Services, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Catherine E. Brizzi
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Matthew Powell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 3, 2020

Court of Appeals Case No.
20A-CR-1371

Appeal from the
Fayette Superior Court

The Honorable
Hubert Branstetter, Jr., Special
Judge

Trial Court Cause No.
21D01-1904-F3-278

**Kirsch, Judge.**

[1] After Matthew Powell ("Powell") entered an open plea agreement with the State, the trial court sentenced him to eight years for Level 4 felony dealing in

methamphetamine[1] and enhanced that sentence by seven years because of Powell's habitual offender status,[2] yielding an aggregate sentence of fifteen years. Powell raises two issues on appeal, which we restate as:

> I. Whether the trial court abused its discretion by failing to cite Powell's guilty plea as a mitigating factor; and

> II. Whether Powell's fifteen-year aggregate sentence is inappropriate considering the nature of his offense and his character.

We affirm.

## Facts and Procedural History

On April 15, 2019, an officer observed Powell driving away from a residence. *Appellant's App. Vol. II* at 41. The officer was aware that Powell was an habitual traffic offender, so he alerted other patrol units of Powell's location and vehicle description. *Id*. Officers located Powell and conducted a traffic stop; they searched Powell and his vehicle. *Id*. Officers located a plastic medication container that held two Suboxone pills and 1.5 grams of methamphetamine in Powell's coat pocket. *Id*. Powell stated, "[T]hat meth isn't mine. I just picked it up and was taking it to somebody." *Id*. Officers also found a plastic bottle

---

[1] *See* Ind. Code § 35-48-4-1.1(a)(2).

[2] *See* Ind. Code § 35-50-2-8(i)(1).

that contained nineteen empty niacin capsules, which they believed were used to store and transport drugs. *Id.*

[4] On April 16, 2019, the State charged Powell with Level 4 felony dealing in methamphetamine, Level 6 felony possession of methamphetamine, Level 5 felony operating a motor vehicle after forfeiture of license for life, and Class A misdemeanor possession of a controlled substance. *Appellant's App. Vol. II* at 36. On April 26, 2019, the State amended the information to allege that Powell was an habitual offender. *Id.* at 16. Powell had charges pending in two other cases under cause number 21C01-1707-F5-546 ("Cause 546") and cause number 21C01-1511-F5-893 ("Cause 893"). *Appellant's Conf. App. Vol. II* at 53. Under Cause 546, Powell had pending charges for Level 5 felony possession of methamphetamine, Level 6 felony maintaining a common nuisance, Class C misdemeanor possession of paraphernalia, and an alleged habitual offender status. *Id.* Under Cause 893, Powell had pending charges for aiding, inducing, or causing dealing in a narcotic drug and an alleged habitual offender status. *Id.*

[5] Powell entered a plea agreement that called for him to plead guilty to Level 4 felony dealing in methamphetamine and to being an habitual offender and, in turn, the State would dismiss Powell's charges for Level 6 felony possession of methamphetamine, Level 5 felony operating a motor vehicle after forfeiture of license for life, and Class A misdemeanor possession of a controlled substance. *Appellant's App. Vol. II* at 47. Under the agreement, Powell also pleaded guilty to possession of methamphetamine under Cause 546 and aiding, inducing, or

causing dealing in a narcotic drug under Cause 893. *Id*. Thus, the State agreed to dismiss the remaining charges in Cause 546 for Level 6 felony maintaining a common nuisance, Class C misdemeanor possession of paraphernalia, and the alleged habitual offender status and to dismiss the habitual offender charge in Cause 893. *Id*. The plea agreement left the sentence to the trial court's discretion. *Id*.

[6] The trial court accepted the plea agreement. *Tr. Vol. II* at 26. It imposed an eight-year sentence for Level 4 dealing in methamphetamine and enhanced the sentence by seven years because of Powell's habitual offender status, all to be served in the Indiana Department of Correction ("DOC"). *Id*. at 26-27. The trial court found Powell's criminal record as an aggravating factor, noting that he had "at least 15 prior convictions." *Id*. at 26. It found no mitigating factors. *Id*. Powell now appeals. We will provide additional facts as necessary.

## Discussion and Decision

## I. Abuse of Discretion

[7] Powell claims the trial court abused its discretion in failing to cite his guilty plea as a mitigating factor. Sentencing is left to the discretion of the trial court, and an appellate court reviews its decisions only for an abuse of that discretion. *Singh v. State,* 40 N.E.3d 981, 987 (Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id*. The finding of mitigating circumstances falls within the trial court's discretion. *Anglemyer v. State*, 868

N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). The trial court is not obligated to find a circumstance to be mitigating merely because it is advanced by the defendant. *Id.* at 493. The trial court is also not required to give the same weight to mitigating circumstances as does the defendant. *Id.* at 494.

[8] An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to show that the mitigating factor is both significant and clearly supported by the evidence. *Id*. at 493. Further, if the trial court does not find the existence of a mitigating factor, is it not obligated to explain why it has found that the factor does not exist. *Id*. A trial court abuses its discretion only if "the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law." *Baumholser v. State*, 62 N.E.3d 411, 416 (Ind. Ct. App. 2016) (quoting *Anglemyer*, 868 N.E.2d at 490), *trans. denied*.

[9] Powell is correct that as a general rule, a defendant who pleads guilty is entitled to some mitigating weight for the guilty plea:

> Our courts have long held that a defendant who pleads guilty deserves to have some mitigating weight extended to the guilty plea in return. A guilty plea demonstrates a defendant's acceptance of responsibility for the crime and at least partially confirms the mitigating evidence regarding his character. *Scheckel v. State,* 655 N.E.2d 506, 511 (Ind. 1995); *see also Williams v. State,* 430 N.E.2d 759, 764 (Ind.1982) ("[A] defendant who willingly enters a plea of guilty has extended a substantial benefit to the

state and deserves to have a substantial benefit extended to him in return.").

*Cotto v. State*, 829 N.E.2d 520, 525 (Ind. 2005) (some internal citations omitted).

[10] However, whether a trial court should cite a guilty plea as a mitigating factor "is necessarily fact sensitive, and not every plea of guilty is a significant mitigating circumstance that must be credited by a trial court." *Cherry v. State*, 772 N.E.2d 433, 436-37 (Ind. Ct. App. 2002) (quoting *Trueblood v. State*, 715 N.E.2d 1242, 1257 (Ind. 1999)), *trans. denied*. "For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility, *or when the defendant receives a substantial benefit in return for the plea*." *Smith v. State*, 908 N.E.2d 1251, 1254 (Ind. Ct. App. 2009) (quoting *Anglemyer*, 875 N.E.2d at 221) (emphasis added).

[11] Powell acknowledges that a guilty plea is not necessarily entitled to mitigating weight if a defendant receives a substantial benefit from the guilty plea, but he argues that he did not receive a substantial benefit from the guilty plea. First, he contends that he received no benefit from the dismissal of the Level 6 felony possession of methamphetamine charge because he could not have been convicted of both possession of methamphetamine and dealing in methamphetamine because the possession offense was a lesser included offense

of the dealing charge.[3]  Powell then acknowledges that he received "some limited benefit from the plea agreement" but contends this benefit was not substantial, so the trial court abused its discretion in not citing his guilty plea as a mitigating factor. *Appellant's Br.* at 13.

[12]  Here, Powell received a significant benefit from the guilty plea through the dismissal of the charges for Level 5 felony operating a motor vehicle after forfeiture of license for life and Class A misdemeanor possession of a controlled substance.  As Powell acknowledges, he could have received a sentence between two years and eight years for Level 5 felony operating a motor vehicle after forfeiture of license for life. *See* Ind. Code § 35-50-2-6.  He also admits that he could have received a one-year sentence for Class A misdemeanor possession of a controlled substance. *See* Ind. Code § 35-50-3-2.  What Powell fails to acknowledge is that the plea agreement dismissed charges in Cause 546 and Cause 893, including charges for Level 6 felony maintaining a common nuisance and Class C misdemeanor possession of paraphernalia. *Appellant's App. Vol. II* at 47.  Thus, Powell received a substantial benefit from the plea agreement.  Accordingly, the trial court did not abuse its discretion in failing to cite Powell's guilty plea as a mitigating factor.

---

[3] We will assume without deciding that the possession charge was a lesser included offense of the dealing charge and that the trial court could not have entered judgment of conviction on both offenses.

## II. Inappropriate Sentence

Powell argues that his sentence is inappropriate considering the nature of his offenses and his character. Under Indiana Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence is inappropriate considering the nature of the offense and the character of the offender. *Anglemyer*, 868 N.E.2d at 491. The nature of offense compares the defendant's actions with the required showing to sustain a conviction under the charged offense, *Cardwell v. State,* 895 N.E.2d 1219, 1224 (Ind. 2008), while the character of the offender permits for a broader consideration of the defendant's character. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. Whether a sentence is inappropriate turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and other factors that come to light in a given case. *Cardwell*, 895 N.E.2d at 1224.

We consider not only the aggravators and mitigators found by the trial court but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our goal is to determine whether the appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good

character).” *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). When we review a sentence, we seek to leaven the outliers, not to achieve a perceived correct result. *Cardwell*, 895 N.E.2d at 1225.

## *Nature of Offense*

[15] Powell argues that his fifteen-year aggregate sentence is inappropriate because he contends “nothing about this offense is remarkable” or merits imposing two years more than the advisory sentence for a Level 4 felony. *Appellant's Br*. at 15-16. When considering the nature of the offense, the advisory sentence is the starting point in our analysis. *Holloway v. State*, 950 N.E.2d 803, 806 (Ind. Ct. App. 2011); *Anglemyer*, 868 N.E.2d at 494. A Level 4 felony carries an advisory sentence of six years, with a range of two to twelve years. Ind. Code § 35-50-2-5.5. An habitual offender enhancement for a person convicted for a Level 4 felony ranges between six and twenty years. Ind. Code § 35-50-2-8(i)(1).

[16] The nature of the offense is found in the details and circumstances of the commission of the offense. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). The nature of the offense refers to a defendant's actions in comparison with the elements of the offense. *Cardwell*, 895 N.E.2d at 1224. When determining whether a sentence that exceeds the advisory sentence is inappropriate, “we consider whether there is anything more or less egregious about the offense as committed by the defendant that ‘makes it different from the typical offense accounted for by the legislature when it set the advisory sentence.’” *Moyer v. State*, 83 N.E.3d 136, 142 (Ind. Ct. App. 2017) (quoting *Holloway*, 950 N.E.2d at 807), *trans. denied*.

[17] Here, the nature of Powell's sentence does not make his sentence inappropriate. Powell decided to drive despite the fact that he was an habitual traffic offender and had lost his license for life in 2003 after repeated incidents of operating a vehicle while intoxicated and driving with a suspended license. *Appellant's Conf. App. II* at 58-59. Also, it appears Powell was out on bond when he committed the instant offenses. *See Tr. Vol. II* at 17, 25-26. Moreover, regardless of the seriousness of his crimes, Powell did not receive the maximum sentences. His sentence for dealing in methamphetamine was only two years above the advisory sentence, and his habitual offender enhancement was only one year above the minimum possible enhancement. *See* Ind. Code § 35-50-2-5.5; Ind. Code § 35-50-2-8(i)(1). Thus, Powell's crime did not need to be especially egregious to justify the fact that his sentence for Level 4 dealing in methamphetamine was only two years above the advisory sentence. Powell's sentence was not inappropriate considering the nature of his offense.

## Character of the Offender

[18] Powell cites a variety of factors in contending his fifteen-year aggregate sentence is inappropriate considering his character. First, Powell admits that he frequently uses illegal drugs, but he contends this does not reflect poorly on his character because he is addicted to drugs. Since the age of fifteen, Powell has used heroin and Dilaudid. *Appellant's App. Vol. II* at 63. He also began using alcohol at that age but quit consuming alcohol in 2009. *Id*. During the last five years, Powell has used methamphetamine. *Id*. Powell explains that although he had been incarcerated as a result of drug offenses previously, he had not

received treatment for anything other than alcohol abuse. *Tr. Vol. II* at 11-12, 15. Powell states that he attempted to sign up for treatment programs in DOC's Purposeful Incarceration program during his most recent five-year incarceration, but he never reached the top of the selection list because the trial court had not issued an order recommending Powell's placement in that program. *Id*. at 12-13.

[19] Second, Powell acknowledges that he has an extensive criminal history, but he contends this does not reflect poorly on his character because most of his convictions were related to traffic offenses or crimes related to his substance abuse. He argues that his lack of drug treatment during his thirty years of substance abuse "renders his recidivism unsurprising." *Appellant's Br.* at 18. Thus, he contends his criminal history should not reflect negatively on his character.

[20] Third, Powell claims his medical problems should persuade us that his fifteen-year aggregate sentence was inappropriate. His health problems include depression and anxiety, diabetes, degenerative back disorder, hypertension, and foot problems. *Appellant's Conf. App. Vol. II* at 62. Since 1996, Powell has had ten back surgeries and seventeen surgeries on his feet. *Id*.

[21] We reject Powell's argument that his drug use and addiction do not reflect poorly on his character. Powell started abusing alcohol and heroin when he was fifteen years old and has been abusing drugs for thirty years. *Appellant's Conf. App. Vol. II* at 63. Although the court ordered Powell to participate in

alcohol counseling in 2002, Powell never sought out treatment for his decades-long addiction to heroin until he attempted to participate in the DOC's Purposeful Incarceration program at some point within the previous five years *Tr. Vol. II* at 11-13.

[22] We next reject Powell's efforts to minimize his criminal record by stating that most of his convictions were for traffic offenses or offenses related to his addiction. We first observe that many of his convictions were for other kinds of offenses. These include convictions for robbery, theft, battery resulting in bodily injury, criminal mischief, and false informing. *Appellant's Conf. App. Vol. II* at 56-60. Moreover, we reject Powell's suggestion that convictions for traffic offenses do not reflect poorly on his character. Four of his prior traffic related convictions were for operating while intoxicated, an offense that endangers the public. *Id*. at 57-59. While the record supports Powell's contention that he suffers from addictions to heroin and methamphetamine, he could have made the prudent decision to not drive while under the influence of illegal drugs or alcohol but chose to do so anyway. Powell's other traffic-related convictions include two convictions for operating while an habitual traffic violator and two convictions for driving while suspended; such offenses show flagrant disregard for the consequences of his prior convictions. *Id*. at 56-60. In total, Powell's thirty-five-year criminal history includes fifteen convictions (eight for felonies and seven for misdemeanors), at least two revocations of probation, and multiple arrests. *Id*. Powell's criminal record does not speak well to his character.

[23] Finally, we reject Powell's argument that his medical problems should persuade us that his fifteen-year aggregate sentence was inappropriate. We are not required to consider a defendant's poor health to be a mitigating circumstance. *Henderson v. State*, 848 N.E.2d 341, 345 (Ind. Ct. App. 2006). Furthermore, Powell does not demonstrate or even allege a nexus between his medical problems and his lengthy history of criminal misconduct. Thus, we conclude that Powell's sentence was not inappropriate considering his character. And because we earlier found that Powell's sentence was not inappropriate considering the nature of his offense, we conclude that Powell is not entitled to a sentence reduction pursuant to Indiana Appellate Rule 7(B).

[24] Affirmed.

Pyle, J., and Tavitas, J., concur.