# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 18 2016, 8:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey W. Elftman
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cassidi Mosier, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 18, 2016 <br><br> Court of Appeals Case No. <br> 34A05-1604-CR-946 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable William C. Menges, Judge <br><br> Trial Court Cause No. <br> 34D01-1512-F6-1084 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Cassidi J. Mosier (Mosier), appeals her sentence following her conviction for possession of a narcotic, a Level 6 felony, Ind. Code § 35-48-4-6(a).

We affirm.

## ISSUES

Mosier raises one issue on appeal, which we restate as the following two issues:[1]

(1) Whether the trial court abused its sentencing discretion by failing to identify any mitigating circumstances; and

(2) Whether Mosier's sentence is inappropriate in light of the nature of the offense and her character.

## FACTS AND PROCEDURAL HISTORY

On December 3, 2015, Detective Cody Rayls (Detective Rayls) of the Kokomo Police Department received an anonymous tip that Mosier was going to be involved in a heroin transaction at the Sun-Way East Mobile Home Park in Kokomo, Howard County, Indiana. The informant also advised that Mosier

---

[1] Although Mosier combines her arguments, we note that "inappropriate sentence and abuse of discretion claims are to be analyzed separately" because "an inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).

had outstanding warrants. Detective Rayls verified that Mosier did indeed have three active warrants on petitions to revoke probation.

[5] That day, at approximately 5:00 p.m., Detective Rayls, along with another officer, arrived at the Sun-Way East Mobile Home Park and began conducting surveillance. Less than ten minutes later, a red truck drove into the mobile home park and parked alongside the road. Shortly thereafter, a female, who Detective Rayls recognized as Mosier based on prior investigations, approached the truck. Mosier entered the truck on the passenger side and exited approximately twenty seconds later. At this time, Detective Rayls exited his unmarked police vehicle and identified himself to Mosier. Despite his instructions to stop, Mosier fled. Detective Rayls followed her as she ran inside a mobile home, and he placed her under arrest.

[6] After receiving her *Miranda* warnings, Mosier admitted that she had provided the driver of the red truck with $40.00 in order to purchase heroin. She identified the truck driver as Lamont Smith (Smith) from Logansport, Indiana. When asked if anything inside the mobile home belonged to her, Mosier stated that she had left her purse inside and that there were syringes in the purse. Detective Rayls searched the purse and discovered six syringes, along with a

silver spoon that contained a white residue. The white residue tested positive for heroin.[2]

[7] On December 4, 2015, the State filed an Information, charging Mosier with Count I, possession of a narcotic drug, a Level 6 felony, I.C. § 35-48-4-6(a); Count II, unlawful possession of a syringe, a Level 6 felony, I.C. § 16-42-19-18(a)-(b); and Count III, resisting law enforcement, a Class A misdemeanor, I.C. § 35-44.1-3-1(a)(1). On January 5, 2016, Mosier entered into a plea agreement with the State, pursuant to which she agreed to plead guilty to Count I, possession of a narcotic as a Level 6 felony, in exchange for the State's dismissal of Counts II and III. The plea agreement left sentencing to the discretion of the trial court.

[8] On March 30, 2016, the trial court conducted a sentencing hearing. The parties stipulated to a factual basis for Mosier's guilty plea. The trial court accepted the plea agreement and entered a judgment of conviction for one Count of possession of a narcotic, a Level 6 felony. The trial court sentenced Mosier to serve 913 days (*i.e.*, two and one-half years), fully executed, in the Indiana Department of Correction. The trial court ordered her sentence to run consecutively to the sentences imposed in three other, unrelated causes.

---

[2] It is unclear from the record whether Mosier actually received heroin from Smith after paying the $40.00. It does not appear that the officers recovered any heroin from Mosier's possession other than the residue on the spoon.

Mosier now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Abuse of Sentencing Discretion*

Mosier claims that the trial court abused its discretion in imposing an executed sentence of two and one-half years. A Level 6 felony is punishable by "a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." I.C. § 35-50-2-7(b). Thus, the trial court ordered Mosier to serve the maximum sentence. It is well established that sentencing decisions rest within the sound discretion of the trial court and are subject to appellate review only for an abuse of that discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490, *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). It is an abuse of discretion if the trial court's "decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

In fashioning a sentence, a trial court is required to enter a sentencing statement that includes "a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence." *Id.* If the trial court's recitation "includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating." *Id.* Accordingly, our courts have found that, in matters of sentencing, a trial court may be found to have abused its discretion by failing to enter a sentencing

statement at all; by entering a sentencing statement that explains reasons for imposing a sentence, including aggravating and mitigating factors, which are not supported by the record; by entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; or by entering a sentencing statement with reasons that are improper as a matter of law. *Id.* However, because a trial court has no "obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors." *Id.* at 491. Furthermore, even if a trial court has abused its sentencing discretion, we will only remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.*

[12] In the present case, the trial court's sentencing statement identified two aggravating circumstances: Mosier's criminal history and the fact that she was on probation in connection with three separate cause numbers at the time she committed the present offense. The trial court stated that it found no mitigating circumstances. During the sentencing hearing, Mosier asked the trial court to impose a suspended sentence of either probation or day reporting (*i.e.*, Community Corrections). Mosier indicated her willingness to complete a rehabilitation program and ongoing treatment as conditions of probation. Instead, the trial court determined that a fully executed sentence was warranted.

[13] Mosier contends on appeal that the trial court abused its discretion by failing to consider as a mitigating circumstance that she would respond to drug treatment and probation over a lengthy term of imprisonment. Indiana Code section 35-38-1-7.1(b)(7) provides that a trial court may consider that an individual "is likely to respond affirmatively to probation or short term imprisonment" as a mitigating circumstance. We note that Mosier bears the burden of "establishing that 'the mitigating evidence is both significant and clearly supported by the record.'" *McElfresh v. State*, 51 N.E.3d 103, 112 (Ind. 2016) (quoting *Anglemyer*, 868 N.E.2d at 493).

[14] We find that Mosier has failed to meet her burden. Rather, the record reveals that Mosier has, in her past run-ins with the criminal justice system, received suspended sentences and terms of probation. Yet, she was repeatedly non-compliant with the terms of those lenient sentences. Moreover, on four prior occasions, trial courts have ordered her to complete a drug and alcohol program. While it is unclear whether she complied with these orders to complete the drug and alcohol program, it is evident that the courts' prior attempts to refer Mosier for treatment have been futile. Thus, the evidence clearly establishes that Mosier is unlikely to respond affirmatively to yet another sentence of drug treatment and probation, and the trial court did not abuse its discretion in declining to identify this as a mitigating circumstance.

[15] Mosier additionally asks our court "to consider the duress and compulsion of a heroin addiction as a factor to consider. Mosier's crime was prompted by her illness and but for the coercive nature of addiction Mosier would likely not have

run afoul of the law." (Appellant's Br. p. 10). We note that Mosier did not advance this argument as a mitigating circumstance for the trial court to consider during sentencing. *See Anglemyer v. State*, 868 N.E.2d at 492 ("[T]he trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing."). Nonetheless, the trial court was clearly aware of Mosier's ongoing substance abuse, but in light of her significant criminal history, it did not find this to be a significant mitigating circumstance. *See Townsend v. State*, 45 N.E.3d 821, 830 (Ind. Ct. App. 2015) ("The trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor.") (quoting *Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012)), *trans. denied*.

[16]     Finally, although she raises this issue in the midst of her argument regarding the appropriateness of her sentence, Mosier asserts that the trial court should have considered her acceptance of guilt as a mitigating circumstance. Again, Mosier did not proffer this fact as a circumstance for the trial court to consider in mitigation. However, our courts have explained that "'[b]ecause a sentencing court is inherently aware of the fact that a guilty plea is a mitigating circumstance,' a defendant is not prohibited from 'raising the issue for the first time on appeal.'" *Smith v. State*, 908 N.E.2d 1251, 1254 (Ind. Ct. App. 2009) (quoting *Anglemyer*, 875 N.E.2d at 220). It is well established that "[a] guilty plea is not necessarily a mitigating factor where the defendant receives substantial benefit from the plea or where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic." *Barker v. State*, 994

N.E.2d 306, 312 (Ind. Ct. App. 2013), *trans. denied*. Here, Mosier received a substantial benefit by pleading guilty because the State dismissed two additional charges—a Level 6 felony for possession of syringes and a Class A misdemeanor for resisting law enforcement. Given her admission that there were syringes in her purse and the fact that she ran away when Detective Rayls ordered her to stop, the evidence for these additional offenses was strong. Thus, the trial court did not abuse its discretion by failing to identify her guilty plea as a mitigating circumstance. Accordingly, we find no abuse of discretion in the trial court's sentencing decision.

## II. *Appropriateness of Sentence*

[17]  Mosier also claims that her two-and-one-half-year sentence is inappropriate. As we previously mentioned, "'sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference.'" *Parks v. State*, 22 N.E.3d 552, 555 (Ind. 2014) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008)). Nevertheless, even where, as here, a trial court imposes a sentence that is authorized by statute, our court may revise the sentence if, "after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

[18]  Appellate Rule 7(B) provides for sentence review in an "attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Ultimately,

"whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224. On review, we focus on "the length of the aggregate sentence and how it is to be served." *Id.* Mosier bears the burden of persuading this court that her sentence is inappropriate. *Corbally v. State*, 5 N.E.3d 463, 471 (Ind. Ct. App. 2014). On appeal, she requests that our court revise her sentence to a term of eighteen months, with any executed portion to be served through Community Corrections.

[19] First considering the nature of the offense, the evidence establishes that Mosier, while on probation in three other cases, paid $40.00 to Smith in order to purchase heroin. When Detective Rayls intervened, Mosier attempted to flee but was apprehended. A subsequent search of her purse revealed syringes and a spoon covered in heroin residue. According to Mosier, "[t]here was no evidenced in the record to show that [her] possession of heroin was more egregious than any other possession charge. There was no evidence that the nature of [her] actions could be called the worst offense." (Appellant's Br. pp. 10-11). While we agree that her offense was not the worst this court has seen, this fact alone does not warrant a sentence revision.

[20] Turning to the character of the offender, we find that Mosier has a lengthy criminal history. Between 2007 and 2014, she was convicted of a Class D felony for operating a vehicle while intoxicated; six Class A misdemeanors for driving while suspended (three times), operating a vehicle while intoxicated

endangering a person, conversion, and operating a vehicle with an alcohol concentration equivalent to 0.15 or more; one Class B misdemeanor for failure to stop after accident resulting in damage to an unattended vehicle; and one Class C misdemeanor for illegal possession of an alcoholic beverage. Mosier contends that her prior criminal history "should be considered of minimal weight" because her crimes never "resulted in injury to another and . . . do not show a propensity for violent conduct." (Appellant's Br. p. 11). We, however, find that her criminal history demonstrates her propensity for disregarding the law. She has received periods of probation and suspended sentences, as well as incarceration in both jail and the Department of Correction. Yet, none of these measures have been sufficient to deter Mosier from committing additional offenses. Moreover, despite receiving leniency in the past, Mosier has violated the terms of her suspended sentences at least eight times.

[21] Mosier's refusal to lead a law-abiding life is further evidenced by the fact that, prior to her incarceration, she was admittedly working as a prostitute. In addition, she has a history of alcohol consumption as a minor and illicit drug use. Mosier first consumed alcohol at age fourteen and was drinking on a regular basis by age seventeen. She began experimenting with drugs as a teenager and has used marijuana, cocaine, methamphetamine, heroin, Methadone, OxyContin, Xanax, Lortab, Klonopin, Norco, and Ativan. In the months immediately preceding her arrest in the instant case, Mosier was using methamphetamine multiple times per week, was injecting heroin on a daily basis, and was snorting Xanax on a daily basis. Mosier claims that she has a

substance abuse addiction and would benefit from treatment, and she argues that she "has never been given the opportunity to receive treatment under the intense supervision of community corrections programs." (Appellant's Br. p. 11). The record reveals that Mosier has previously failed to take advantage of multiple opportunities to combat her addiction. In 2006, Mosier attended an intensive outpatient drug treatment program and individual counseling. For a period of time, she also attended Narcotics Anonymous meetings. In 2013, she received treatment at St. Joseph Hospital for detoxification. At some point, Mosier was terminated from a rehabilitation facility in South Bend for possessing alcohol. She has also been court-ordered to complete a drug and alcohol program at least four times.

[22] As evidence of her good character, Mosier argues that she cooperated with the police following her arrest by admitting to her crimes and identifying the individual who sold her the heroin, and she pled guilty. We agree that these are redeemable qualities. However, as previously discussed, Mosier received a substantial benefit by pleading guilty, and in light of the negative attributes already mentioned, we do not find that her cooperation with the police merits a sentence revision. Therefore, in light of the nature of the offense and Mosier's character, we conclude that her sentence is not inappropriate.

## CONCLUSION

[23] Based on the foregoing, we conclude that the trial court acted within its discretion in sentencing Mosier. We further conclude that Mosier's sentence is not inappropriate.

Affirmed.

Bailey, J. and Barnes, J. concur